In re Charles PHILLIPS and
Jean Phillips, Debtors.

Charles PHILLIPS and Jean
Phillips, Appellants,

v.

Kevin C. MAYER and Scott
D. Mayer, Appellees.

Nos. 96–33445 BDM, C97–2754 TEH.

United States District Court,
N.D. California.

Feb. 19, 1998.

Matthew J. Shier, Poppin & Shier, San Francisco, CA, for Appellants.

Penn Ayers Butler, Tobias S. Keller, Murphy Weir & Butler, San Francisco, CA, for Appellees.

*ORDER*

HENDERSON, District Judge.

This matter came before the Court on the appeal of appellants Charles Phillips and Jean Phillips, debtors in a Chapter 13 proceeding. Appellants ask that this Court reverse the bankruptcy court's decision refusing to allow appellants to claim an exemption for a private retirement plan pursuant to Cal.Code Civ. Proc. § 704.115(a)(1). Appellees request an award for costs and expenses, arguing that the appeal is frivolous. After careful consideration of the parties' written arguments, the Court hereby AFFIRMS the ruling of the bankruptcy court. The Court further DENIES appellees' request for costs and expenses.

### *BACKGROUND*

Appellants Charles Phillips and Jean Phillips are 64 and 58 years old, respectively. Charles Phillips is self-employed and Jean is a registered nurse. Appellants have been married for approximately 23 years and have no children. Their combined monthly income is approximately $3,800.

Appellants purchased their first home in 1977, located at 1022 Powell Street, No. 1, San Francisco, CA. Appellants acquired their current residence in 1986, located at 170 Ninth Avenue, San Francisco, CA. In 1977, appellants adopted an "informal retirement fund." However, over the years, appellants used several of the assets transferred into the plan for a variety of purposes, none related directly to their retirement.

In 1985, appellants executed the Charles and Jean Phillips Revocable Trust to consolidate all of their investments and to accomplish certain estate planning purposes. The Trust provides that appellants (as trustors) have general access to the income and principal held in the Trust "for their support, comfort, health, education, and general welfare." Appellants subsequently withdrew funds from the Trust to pay for health insurance, property taxes, and attorney's fees incurred with respect to the underlying litigation. Appellants also expended $50,000 for home improvements, including structural work, kitchen remodeling, and deck construc-

tion. In addition, at least one mutual fund account held in the Trust was specifically denominated as a "non-retirement account."

In 1986, appellants sold their Powell Street residence to Kevin and Scott Mayer, but the Mayers sued to rescind the sale of the property in 1993 based upon claims of fraud and misrepresentation. On March 29, 1996, the parties were informed by the Superior Court of San Francisco that judgment would be entered in the Mayers' favor in the amount of $411,079.56. Shortly thereafter, appellants consulted legal counsel and executed the documents necessary to formalize the Phillips Retirement Plan and the Phillips Retirement Trust. Appellants are the participants, sponsors, administrators, and trustees of the Retirement Plan.

On April 24, 1996, in anticipation of filing bankruptcy to deal with creditors' claims, appellants transferred their current Ninth Avenue residence and marketable investments into the Retirement Plan. The value of appellants' residence is approximately $350,-000, of which $75,000 is claimed as a homestead exemption under Cal.Code Civ. Proc. § 704.710. The balance of $216,481 is claimed exempt as a private retirement plan pursuant to Cal.Code Civ. Proc. § 704.115(a)(1). The other assets in the Retirement Plan have a value of $74,308. In short, the Retirement Plan contains all but approximately $25,000 of appellants' assets, which were reachable by appellants upon Charles Phillips' 65th birthday in February 1997.

Appellants filed their voluntary Chapter 13 petition with the bankruptcy court on August 7, 1997. Creditors Kevin and Scott Mayer objected to appellants' claimed exemption under section 704.115(a)(1) for assets held in the Retirement Plan. Upon the parties' consent, the bankruptcy court bifurcated the plan confirmation issue, conducting a trial solely on the question of exemption. On March 4, 1997, the bankruptcy court issued a Memorandum Decision and Order sustaining the objections to the claimed exemption, which debtors now appeal.

## DISCUSSION

### A. Private Retirement Plan

The sole issue on appeal is whether the bankruptcy court erred in refusing to allow appellants to claim an exemption for a private retirement plan pursuant to Cal.Code Civ. Proc. § 704.115(a)(1). Under the standard of review, the factual findings of the bankruptcy court may be set aside only if they are "clearly erroneous." Fed.R.Bankr. Proc. 8013. Conclusions of law are reviewed de novo. *In re Commercial Western Finance Corp.,* 761 F.2d 1329 (9th Cir.1985).

■ Appellants argue that the Retirement Plan constitutes a "private retirement plan" under the meaning of section 704.115(a)(1), and is therefore exempt from creditor claims. However, it is well settled that a "private retirement plan" is not exempt by mere virtue of its name. *Bloom v. Robinson (In re Bloom),* 839 F.2d 1376, 1378 (9th Cir.1988); *Yaesu Electronics Corp. v. Tamura,* 28 Cal. App.4th 8, 14, 33 Cal.Rptr.2d 283 (1994)(adopting *Bloom* ). The Ninth Circuit has interpreted the statute as requiring that a retirement plan be "designed and used" for retirement purposes. *Id.* Thus, the threshold question before this Court is whether the bankruptcy court's factual finding that the Phillips' Retirement Plan was not "designed and used" for retirement purposes is "clearly erroneous." Fed.R.Bankr.Proc. 8013. If it is not, then this Court must affirm the bankruptcy court's ruling, and the Court need not address the remaining issues raised by the parties.

■ Having carefully reviewed the record, the Court finds, for the reasons explained below, that the bankruptcy court's determination that the Retirement Plan was not "designed and used" for retirement purposes is supported by the record, and is not "clearly erroneous." First, we agree with the bankruptcy court that appellants' earlier activities between 1977 and 1985 do not support the claim of exemption under section 704.115(a)(1). Although appellants assert that they intended to set aside funds for retirement purposes as early as 1977, there is no concrete evidence of this intent. Their "informal retirement plan" was never reduced to writing and funds were used for a

variety of purposes, none related directly to retirement.

In 1985, appellants did make some manifestation of their intent to set aside funds in the Revocable Trust; however, appellants again treated the matter very informally. The Trust provides that appellants (as trustors) have general access to funds "for their support, comfort, health, education and general welfare." Indeed, appellants utilized the monies for a variety of purposes, such as for payment of health insurance, property taxes, home improvements, and legal expenses incurred in connection with the underlying litigation. In addition, at least one mutual fund account said to be in the Trust was specifically denominated as a "non-retirement account."

On April 24, 1996, shortly after being informed about the judgment entered against them by the Superior Court, appellants executed the documents necessary to establish the Phillips Retirement Plan and the Phillips Retirement Trust. At that time, appellants transferred their current residence and all marketable investments into the Retirement Plan. Appellants claimed $75,000 of their residence as a homestead exemption pursuant to Cal.Code Civ. Proc. § 704.710(a)(1), and transferred the excess amount of their assets into the Retirement Plan. This left $25,000 in the reach of creditors. Given these facts, and the previous actions of appellants discussed above, the bankruptcy court inferred that appellants were attempting to shield their assets from creditors rather than enhance their retirement needs.

■ It has not been shown to this Court's satisfaction that the bankruptcy court erred in determining that the 1996 Retirement Plan was not "designed and used" for retirement purposes. It is not the role of this Court to substitute its own judgment for that of the bankruptcy court short of "clear error." Indeed, here there is a substantial basis in the record to support the findings of the bankruptcy court. Therefore, the Court upholds the bankruptcy court's Memorandum Decision and Order, sustaining objections to appellants' proposed Chapter 13 plan.

**B. Appellees' Request for Costs and Expenses**

■ Appellees request an award for costs and expenses, including attorneys fees, arguing that the appeal is frivolous and was pursued for purposes of delay. Appellees contend that sanctions are appropriate pursuant to Fed.R.Civ.P. 11, Fed.R.Bankr.Proc. 9011, Fed.R.App.Proc. 38, and 28 U.S.C. § 1927. However, the Court is not persuaded that all of the above rules and statutes are necessarily applicable to a district court reviewing a bankruptcy appeal. In any event, the Court declines to impose sanctions given the absence of any showing of bad faith on the part of appellants.

### CONCLUSION

For the foregoing reasons, the Court finds that the bankruptcy court did not err in refusing to allow appellants to claim an exemption for a private retirement plan pursuant to Cal.Code Civ. Proc. § 704.115(a)(1). Accordingly, and for good cause shown, the judgment of the bankruptcy court is hereby AFFIRMED. The Court further ORDERS that appellees' request for costs and expenses be DENIED.

**IT IS SO ORDERED.**