**In re LEPAR, Deborah L., Debtor.**

**No. 00–05116–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Ft. Myers Division.

Aug. 8, 2001.

Louis S. Erickson, Naples, FL, for debtor.

Thomas S. Heidkamp, Ft. Myers, FL, trustee.

## ORDER ON DEBTOR'S FIRST AMENDED MOTION FOR AVOIDANCE OF JUDICIAL LIEN OF RAYMOND A. LEPAR (DOC. # 36)

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration in this Chapter 7 liquidation case is the First Amended Motion for Avoidance of Judicial Lien of Raymond A. Lepar filed by Deborah L. Lepar (Debtor). The Motion is filed pursuant to Section 522(f)(1)(A). According to the allegations set forth in the Motion, the Debtor is the owner of certain real property located at 27191 Del Lane, Bonita Springs, Florida, which is claimed and allowed as her homestead property. There is nothing in her Motions, neither in the two original motions nor the first Amended Motion, alleging that the judgment under attack impairs her right to her homestead exemption, notwithstanding that the Motion under consideration is filed pursuant to Section 522(f)(1) of the Bankruptcy Code.

The facts relevant to the Motion under consideration as they appear from the record are without dispute and could be summarized as follows.

The Debtor filed her voluntary Petition for Relief under Chapter 7 on April 5, 2000. In her documents filed with the Petition, particularly Schedule C, she claimed as exempt her home under Article X, Section 4, of the Florida Constitution. On July 7, 2000, Raymond Lepar, her former spouse, filed an Objection to Claim of Exemption contending that the Debtor is not entitled to claim the Bonita Springs property as her homestead. Attached to the Objection is an Order entered by the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida, in a civil action styled Raymond Anthony Lepar versus Deborah L. Lepar. In the Order the Circuit Court ordered Raymond Lepar to convey his interest in the Bonita Springs property by quit claim deed as part of the dissolution of marriage proceeding. The Circuit Court retained jurisdiction to determine whether or not the Debtor may claim the former marital residence as her homestead.

On July 21, 2000, counsel for Debtor filed a response to the Objection contending that her former husband's judgment is not a lien on the property and she is entitled to the full homestead protection.

After several rescheduled hearings the matter was heard by this Court on the Objection to the homestead claim filed by Raymond Lepar, who also filed a Motion for Summary Judgment with an attached affidavit in support of the Motion. Besides his affidavit, Raymond Lepar also attached to his Motion for Summary Judgment a copy of a Final Judgment entered by the Circuit Court in the Dissolution of Marriage suit described earlier in which the Court entered judgment in favor of Raymond Lepar against the Debtor for the sum of $11,700.00 together with interest. While the Final Judgment recited that certain personal property items of the Debtor's ex-husband were in good condition and the same were in her care and custody, it did not find that she did not maintain and care for the items involved but entered a money judgment in favor of Raymond Lepar for the value of the items involved,

without stating a factual basis for the judgment.

In the last paragraph of the Order, the Court also held that the Debtor may not claim that the former marital residence is protected by the homestead exemption from the collection of the Judgment. The Judgment was entered on March 30, 2000.

On October 16, 2000, counsel for Debtor filed a Counter Motion for Summary Judgment Regarding Objection to Claim of Exemption (sic), treated as a Cross–Motion for Summary Judgment. In her Motion, Debtor contended that the Judgment of the Circuit Court dated March 30, 2000, was not recorded in the public record prior to the filing of the Bankruptcy. Therefore, according to the Debtor, the Final Judgment never became a lien on her homestead. In addition, she contended that the Final Judgment had no legal effect and cannot interfere with her homestead rights created by the Florida Constitution.

However, the record reveals that the Final Judgment was recorded in the Official Records of Collier County, Florida in Book 2659, page 2034 on April 5, 2000 at 10:10 a.m. Debtor filed her Chapter 7 bankruptcy petition also on April 5 at 10:31 a.m., 21 minutes after the Final Judgment was recorded.

This Court heard both Motions for Summary Judgment at a duly noticed hearing, and on November 16, 2000 entered an Order finding that the Objection was without merit and overruled Raymond Lepar's Objection to Claim for Homestead Exemption. This Order was never appealed; thus it is a final determination of the Debtor's right to claim the subject property as her homestead.

On December 4, 2000, counsel for Debtor filed her first Motion for Avoidance of Judicial Lien of Raymond A. Lepar, which was not properly served. Her second Motion for Avoidance of Judicial Lien was filed on February 1, 2001, which was also not properly served. The last one was filed March 30, 2001, which basically set forth the same allegations as the previous Motions with the exception that the Debtor has now relied on this Court's Order entered November 16, 2000, which overruled the Objection to the claim of exemption by Raymond Lepar.

It appears that Raymond Lepar also filed his Petition for Relief under Chapter 7 on January 16, 2001. In due course Diane L. Jensen was appointed as Trustee in Mr. Lepar's case, No. 01–00719–9P7, and placed in charge of the administration of his Chapter 7 case. On April 10, 2001, Ms. Jensen as Trustee filed a Response to the Motion to Avoid Lien. In her Response she contended that the Debtor Deborah Lepar is in violation of the automatic stay since she is attempting to avoid the lien without first having obtained relief from the automatic stay. In addition, Ms. Jensen contended that the Order entered by the Circuit Court specifically provided that the Debtor may not protect her homestead against the lien of the Debtor. That a judgment lien in fact is an equitable lien on the homestead which cannot be voided. In her Response the relief she sought was an order requiring the Debtor to obtain relief from the automatic stay before proceeding with her Motion to Avoid Judicial Lien.

The only issue before this Court is whether or not the Motion filed by the Debtor pursuant to Section 522(f)(1) is supported by the record. However, it should be noted at the outset that none of the pleadings submitted, including Ms. Jensen's Response, dealt with the facts which are relevant to the proper disposition of a Motion to Avoid Judgment Lien pursuant to Section 522(f)(1). First, Debtor argued that there was no lien in exis-

tence because there is nothing in this record to establish that the Judgment was ever properly recorded. Thus Section 522(f)(1) would not be relevant at all and if this were the case, then her Motion to avoid the lien should be denied.

Counsel for Debtor devotes considerable time to discuss the basic truism that debts in the nature of alimony, maintenance and support are nondischargeable. The matter before this Court is not a dischargeability complaint at all, but a Motion to Avoid a Judicial lien filed by Debtor pursuant to Section 522(f)(1). In addition, Debtor also contends that even if a judgment were an attempt to fix a lien on the Debtor's homestead property, the lien would be of no merit since the debt is being discharged. This argument is disingenuous indeed in light of the fact that on May 29, 2001, this Court entered an Order and denied the Debtor's general discharge.

■■■■■ The Final Judgment was actually recorded approximately twenty minutes prior to the filing of the Debtor's bankruptcy petition. Therefore, there is no question that the Judgment entered by the State Court on March 30, 2000, fixed a lien on the property of the Debtor. It is equally clear that the lien is a judicial lien and this record leaves no doubt that the lien impairs her right to enjoy the homestead exemption under the Constitution of this State, and therefore, under § 522(f)(1), would be avoidable. The difficulty however, stems from the fact that the Final Judgment not only awarded money damages to the ex-spouse of Debtor but also provided that the "Former–Wife may not claim that the former marital residence is protected by homestead exemption in the collection of this Judgment by Former–Husband."

This brings this Court to the question of this Court's jurisdiction to determine the validity *vel non* of that provision in the Final Judgment which clearly would not be a valid provision under the homestead exemption of Article X, Sec. 4 of the Florida Constitution, which strength has been recently affirmed by the Supreme Court of this State in *Havoco v. Hill*, 790 So.2d 1018, 2001 WL 690070 (Fla.2001). Notwithstanding, the *Rooker Feldman* doctrine provides that among federal courts, only the Supreme Court has subject matter jurisdiction to review state court judgments. See *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), which revived a doctrine of federal court jurisdiction established by *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). It is clear that under the *Rooker Feldman* doctrine, this Court lacks jurisdiction to sit as a court of appeal over the Final Judgment entered by the State Court and the remedy, if any, of Debtor that must be asserted to claim her homestead exemption in light of the state court Final Judgment.

The challenge of the validity of the provision of the Final Judgment ordering that Debtor may not claim that the former marital residence is protected by the homestead exemption in the collection of that Judgment by Raymond Lepar should take place in the State Court which issued the Final Judgment. For this reason, this Court is constrained to deny Debtor's Motion to Avoid Lien.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the First Amended Motion for Avoidance of Judicial Lien of Raymond A. Lepar filed by the Debtor, Deborah L. Lepar (Doc. # 36) be, and the same is hereby, denied without prejudice.