**In re John D. WILLIAMS, Debtor.**

**John D. Williams, Appellant,**

**v.**

**Rosemary Swenson, individually and as Trustee of Marie L. Swenson Living Trust U/T/D; Marie L. Swenson Living Trust U/T/D/; Elizabeth F. Rojas, Chapter 13 Trustee; and Brad D. Krasnoff, Chapter 7 Trustee, Appellees.**

**BAP No. CC–01–1525–MoKH.**
**Bankruptcy No. SV 01–13240–GM.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on May 23, 2002.

Filed July 11, 2002.

We have chosen to publish our decision to underscore our recognition of and adherence to the so-called *Rooker–Feldman* doctrine. Under this principle, even though a California state court decision is on appeal and not final for the purposes of claim preclusion under California law, it is binding upon us and all federal courts (except the United States Supreme Court) and may not be reexamined by us except in very limited circumstances.

John D. Williams, Oak Park, CA, Pro se.

Mark S. Blackman, Encino, CA, for Rosemary Swenson, individually as Trustee of the Marie L. Swenson Living Trust U/T/D, and the Marie L. Swenson Living Trust U/T/D.

Before MONTALI, KLEIN and HOLMAN,[1] Bankruptcy Judges.

### OPINION

MONTALI, Bankruptcy Judge.

Six weeks before appellant John D. Williams ("Debtor") filed bankruptcy, a California state court ruled that he was not entitled to exempt funds in a particular investment account as a "private retirement plan" under California Code of Civil Procedure § 704.115 ("CCP § 704.115"). His appeal of that decision was pending when he filed his bankruptcy.

In bankruptcy, Debtor claimed the same funds as exempt under the same state law theory. The bankruptcy court sustained an objection to the claim of exemption in reliance on the prior state court decision, even though the state court ruling was not final for claim preclusion (res judicata) purposes under California law. We AFFIRM.

### I. FACTS

In late 1997, appellant Debtor and appellee Rosemary Swenson ("Swenson"), individually and as trustee of the Marie L. Swenson Living Trust U/T/D ("Swenson Trust") (collectively, with Swenson, "Creditors"), entered into a real estate contract (the "Purchase Agreement") for the purchase of a single family residence in Encino, California (the "Property"). Creditors terminated the Purchase Agreement, alleging that they were entitled to do so under a cancellation clause in the contract. Debtor sued in state court, seeking damages and specific performance of the Purchase Agreement. After the matter was ordered to arbitration, the arbitrator rejected Debtor's claim and awarded Creditors their fees and costs. The state court thereafter confirmed the arbitrator's award and entered a judgment in favor of Creditors against Debtor in the amount of $145,972.05.

Debtor maintained several mutual funds accounts at Fidelity Brokerage Services LLC ("Fidelity") under a master account number (the "Account"). In the course of the state court arbitration, Debtor submitted a written closing argument stating that he had the funds to close the sale of the

1. Hon. Thomas C. Holman, Bankruptcy Judge for the Eastern District of California, sitting by designation.

Property. In particular, Debtor referred to his "Fidelity Investments Investment Report showing a value of $116,508.38." In addition, Debtor told Swenson that he intended to use the funds in the Fidelity Account for the purchase of the Property.

After the state court entered judgment in favor of Creditors, they obtained a writ of execution in the amount of $146,218.99. Creditors forwarded the writ of execution to the Los Angeles County Sheriff ("the Sheriff"), instructing the Sheriff to levy on all accounts in Debtor's name at Fidelity.

On or about January 8, 2001, the Sheriff served a notice of levy on Fidelity. At the time of the levy, Debtor's funds in his Fidelity Account equaled only $85,847.80 and Debtor was in the process of liquidating the Account. The Account was not designated as a retirement account or trust account.

On January 23, 2001, Debtor filed a claim of exemption in state court alleging that the funds in the Fidelity Account were exempt retirement funds pursuant to CCP § 704.115. Creditors opposed the exemption. CCP § 704.115(b) provides that "[a]ll amounts held, controlled, or in process of distribution by a private retirement plan, for the payment of benefits as an annuity, pension, retirement allowance, disability payment, or death benefit from a private retirement plan are exempt." CCP § 704.115(a) defines a "private retirement plan" as follows:

a) As used in this section, "private retirement plan" means:

(1) Private retirement plans, including, but not limited to, union retirement plans.

(2) Profit-sharing plans designed and used for retirement purposes.

(3) Self-employed retirement plans and individual retirement annuities or accounts provided for in the Internal Revenue Code of 1986, as amended, including individual retirement accounts qualified under Section 408 or 408A of that code, to the extent the amounts held in the plans, annuities, or accounts do not exceed the maximum amounts exempt from federal income taxation under that code.

On February 26, 2001, the state court denied Debtor's claim of exemption, holding that the Fidelity Account did not constitute a retirement plan for the purposes of CCP § 704.115. The state court cited several cases holding that funds must be used primarily for retirement purposes to fall within the ambit of CCP § 704.115. Relying on these cases and certain evidence (including Swenson's declaration), the state court held CCP § 704.115 did not apply to the Fidelity Account. Alternately, the court concluded that Debtor had not established that the funds were necessary for his support upon retirement, as required by CCP § 704.115(e):

The opposition has shown that the funds in the Fidelity accounts are not held as a 'private retirement plan' as defined in CCP Section 704.115. *See also* exhibit 1 to Swenson declaration in the opposition papers; *see In re Bloom,* 839 F.2d 1376 (9th Cir.1988); *In re Daniel,* 771 F.2d 1352 (9th Cir.1985); *Yaesu Electronics v. Tamura,* 28 Cal.App.4th 8, 33 Cal.Rptr.2d 283 (1994). Nor has respondent (Debtor) established a CCP Section 704.115(e) exemption.

Further, respondent (Debtor) has not complied with CCP Section 703.530(a).[2] The claim for exemption is denied.

---

**2.** California Code of Civil Procedure 703.530(a) requires a party claiming an exemption pursuant to a clause exempting property to the extent necessary for support to provide a financial statement with his claim of exemption.

Debtor filed a timely notice of appeal of the state court's denial of his claim of exemption; the appeal is still pending.

Less than six weeks after the state court denied Debtor's claim of exemption, Debtor filed his Chapter 13 petition. According to Creditors' opening brief, Debtor claimed the Fidelity Account as exempt under CCP § 704.115 and Creditors filed a timely objection to Debtor's claim of exemption.

At a hearing on August 28, 2001, the bankruptcy court indicated that it would sustain the objection to the exemption, stating:

> Debtor claimed the Fidelity money as exempt in the Superior Court in opposition to a Write [sic] of Execution by Ms. Swenson. Judge O'Brien (the state court judge) found that the funds did not qualify as a "private retirement plan" and further, that debtor did not establish that they were necessary for his support or the support of a dependent on his retirement. That was on February 27, 2001.

In Schedule C, the debtor claims these funds are exempt under CCP Section 704.115(e) [and] (f), the same section he used in the Superior Court. Pursuant to debtor's reply to the sur-reply, filed August 27, he presents the Court with evidence that in the Superior Court he was actually asserting that this was a profit sharing plan for retirement purposes which falls under CCP Section 704.115(a)(2), which is the same theory that he is using in this Court.

Collateral estoppel, or it might actually be res judicata but I wasn't 100 percent sure on that so I'm using collateral estoppel, applies here, as it is the same parties and the same issues. Thus, even though the Superior Court ruled on the issue of whether the funds at Fidelity were part of the "Private Retirement Plan" under CCP Section 704.115(a)(1) and did not deal with the issue of "Profit Sharing Plan for Retirement Purposes," which is CCP 704.115(a)(2),[3] both sections require that the debtor prove that the money is necessary to his support on retirement.[4]

**3.** The bankruptcy court appears to have mischaracterized the state court's holding here. The state court simply held that the Fidelity Account was not a "private retirement plan" under CCP § 704.115; the state court did not distinguish between subsections (1) and (2) of sub-section (a). In fact, sub-section (a)(2) provides that profit-sharing plans are included in the definition of "private retirement plans." Thus, to the extent the state court held that the Fidelity Account was not a "private retirement plan" under CCP § 704.115, it necessarily determined that it was not a profit-sharing plan under subsection (a)(2).

While subsection (a)(2) provides that certain profit-sharing plans are included in the definition of "private retirement plan", subsection (a)(1) defines a "private retirement plan" to include certain "private retirement plans." *See In re Phillips,* 206 B.R. 196, 200 (Bankr.N.D.Cal.1997), *aff'd,* 218 B.R. 520 (N.D.Cal.1998) (subsection (a)(1) "curiously and unhelpfully defines 'private retirement plan' as a 'Private retirement plan' "); *accord,*

*Lieberman v. Hawkins (In re Lieberman),* 245 F.3d 1090, 1093 (9th Cir.2001) (citing *Phillips* ). As noted, the state court did not limit its discussion to "private retirement plans" under (a)(1); rather, it ruled that the Fidelity Account was not a "private retirement account" under CCP § 704.115, which includes more types of plans than does subsection (a)(1).

**4.** The bankruptcy court erred harmlessly in two respects in making this statement. First, subsections (a)(1) and (a)(2) of CCP § 704.115 do *not* require a debtor to demonstrate that the funds for which he seeks an exemption are necessary for his support upon retirement. *See* CCP § 704.115(e) (limiting its provisions (i.e., the requirement that a debtor demonstrate that funds are necessary for support) to private retirement plans described in subsection (a)(3) of CCP § 704.115). Second, as noted in the prior footnote, the state court's holding is *not* limited to sub-section (a)(1); instead, the state court held that Debt-

The Superior Court specifically found that it was not necessary for his support on retirement. This finding was made a mere six weeks before filing of the bankruptcy and thus the debtor is collaterally estopped from raising this issue and his claim of exemption under CCP Section 704.115 must fail.

Further, there is no evidence to establish that the money in the Fidelity account was deposited in compliance with the profit-sharing plan. In fact, there are no records to show that the profit-sharing plan was ever complied with.

Sustain the objection to the claim of exemption. The Sheriff is to turn the money over to the Chapter 13 Trustee upon confirmation of the plan. The plan is to reflect this money as part of the liquidation analysis and the best-efforts test.

The bankruptcy court entered an order denying Debtor's claim of exemption on December 5, 2001. Debtor prematurely filed his notice of appeal on October 17, 2001, and filed an amended notice of appeal on December 11, 2001. The appeal is timely pursuant to Federal Rule of Bankruptcy Procedure 8002(a).

## II. ISSUE

Did the bankruptcy court err in concluding that the funds in Debtor's Fidelity account were not exempt under CCP § 704.115?

## III. STANDARD OF REVIEW

■■■ The bankruptcy court's application of California exemption law is a question of statutory construction which is reviewed *de novo*. *Friedman v. Broach (In re Friedman)*, 220 B.R. 670, 671 (9th Cir. BAP 1998). Whether a plan is designed and used for retirement purposes is a question of fact that we review for clear error. *Cisneros v. Kim (In re Kim)*, 257 B.R. 680, 684 (9th Cir. BAP 2000), *aff'd mem.*, 35 Fed.Appx. 592 (9th Cir.2002); *Jacoway v. Wolfe (In re Jacoway)*, 255 B.R. 234, 237 (9th Cir. BAP 2000), *aff'd*, 284 F.3d 1323 (9th Cir.2002).

## IV. DISCUSSION

■■■ In this case, the state court has already determined that Debtor cannot claim the funds in his Fidelity Account as exempt under CCP § 704.115.[5] That determination is on appeal in the state courts. Notwithstanding the ruling of the state court, Debtor again claimed—in the context of his Chapter 13 bankruptcy case—the Fidelity Account as exempt under CCP § 704.115.[6] The bankruptcy court correctly

---

or's Fidelity Account is not a "private retirement plan" under CCP § 704.115, which encompasses all of the plans described in subsections (a)(1), (2) and (3) in its definition of "private retirement plans."

**5.** We need not, and do not, address the bankruptcy court's *deference to the state court's* alternative holding that the debtor did not prove that the funds were necessary for his support upon retirement. The alternative holding was based on the exemption claimant's burden of proof under *state law*. In contrast, Federal Rule of Bankruptcy Procedure 4003(c) purports to place the burden of proof on the party objecting to a claim of exemption. The issue of whether Rule

4003(c) validly re-allocates the burden of proof imposed by state exemption law need not be decided in this appeal. *See Raleigh v. Illinois Dep't of Revenue*, 530 U.S. 15, 20–26, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000); *In re Barnes*, 275 B.R. 889, 898 n. 2 (Bankr. E.D.Cal.2002).

**6.** If Debtor had claimed the Fidelity Account as exempt under a different provision of state law or under a substantively different provision of federal law, we doubt (but do not decide) that the state court ruling would have any preclusive effect. *Little v. Reaves (In re Reaves)*, 285 F.3d 1152 (9th Cir.2002) (debtor who had unsuccessfully asserted regular state law exemption in vehicle prior to filing bank-

concluded that the state court ruling prevented it from granting Debtor's exemption, although neither it nor the parties identified the theory [7] precluding Debtor's collateral attack on the state court decision: the *Rooker–Feldman* doctrine as established in two United States Supreme Court cases. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

■ The *Rooker–Feldman* doctrine provides that the United States Supreme Court is the only federal court that may review an issue previously determined by a state court in an action between the same parties. *Rooker*, 263 U.S. at 416, 44 S.Ct. 149 ("Under the legislation of Congress, no court of the United States other than this Court could entertain a proceeding to reverse or modify [a state court] judgment for errors .... To do so would be an exercise of appellate jurisdiction. The jurisdiction possessed by the District Courts is strictly original"); *Feldman*, 460 U.S. at 476, 103 S.Ct. 1303. Under the *Rooker–Feldman* doctrine, the bankruptcy court lacked authority to overrule the state court's determination that CCP § 704.115 was inapplicable to Debtor's Fidelity Account. *Id.*; *Worldwide Church of God v. McNair*, 805 F.2d 888, 890 (9th Cir.1986) (doctrine precluded federal district court review of state court defamation judgment); *Audre, Inc. v. Casey (In re Audre, Inc.)*, 216 B.R. 19 (9th Cir. BAP 1997) (doctrine prevented bankruptcy court from disallowing claim based on state court judgment).

■ The *Rooker–Feldman* doctrine applies even if the state court judgment is not final; it "applies to judgments from any state court, regardless of whether the judgment is on appeal." *Audre*, 216 B.R. at 28. Moreover, the *"Rooker–Feldman* doctrine applies even where a state court judgment may be in error." *Id.* at 29.[8]

---

ruptcy was not barred from later asserting a special federal bankruptcy exemption in vehicle).

7. We may consider any issue supported by the record and may affirm on any basis supported by the record, even where the issue was not expressly considered by the bankruptcy court. *Fernandez v. GE Capital Mortgage Servs., Inc. (In re Fernandez)*, 227 B.R. 174, 177 (9th Cir. BAP 1998), *aff'd*, 208 F.3d 220, 2000 WL 152769 (9th Cir.2000); *American Express Travel Related Servs. Co., Inc. v. Fraschilla (In re Fraschilla)*, 235 B.R. 449, 459 (9th Cir. BAP 1999), *aff'd*, 242 F.3d 381 (9th Cir.2000, 2000 WL 1643953). The record places the issue squarely before us.

8. California state law follows the minority position denying res judicata effect to state court judgments on appeal. *People v. Mitchell Bros.' Santa Ana Theater*, 101 Cal.App.3d 296, 306, 161 Cal.Rptr. 562 (1980). As noted in *Audre*, however, federal law favors application of the *Rooker–Feldman* doctrine even where a state court judgment is on appeal. *Audre*, 216 B.R. at 28.

The Ninth Circuit law is clear that the *Rooker–Feldman* doctrine applies to judgments from any state court, regardless of whether the judgment is on appeal. [Citations omitted]. The Ninth Circuit specifically stated in *Worldwide Church* that 'we agree with the Second and Fifth Circuits that the *Feldman* doctrine should apply to state judgments even though state court appeals are not final.' [Citation omitted].... If the *Rooker–Feldman* doctrine solely barred federal review of judgments which had been fully appealed through the state court system, it would foster a rivalry between federal and state courts by creating incentives for disappointed state court participants to forum-shop and choose the federal courts instead of appealing their cases to the states' appellate courts.

The [Ninth Circuit cases] are applicable to bankruptcy courts in the Ninth Circuit *despite the peculiarity of California law which denies issue preclusion effect to a California state court judgment which is pending on appeal.*

*Id.* at 28–29 (emphasis added) (footnote omitted). If the state court judgment is ultimately

**864**

This bar to judicial review is inapplicable only where the state proceedings were void ab initio (e.g., where the action violated the automatic stay of 11 U.S.C. § 362 or the discharge injunction of 11 U.S.C. § 524). *Id.; see also Gruntz v. County of Los Angeles (In re Gruntz)*, 202 F.3d 1074 (9th Cir.2000) (*Rooker–Feldman* doctrine does not bind federal courts to state court modifications of automatic stay); *Pavelich v. McCormick, Barstow, Sheppard, Wayte & Carruth LLP (In re Pavelich)*, 229 B.R. 777, 782 (9th Cir. BAP 1999) ("a federal court need not give full faith and credit to state court judgments to the extent that they are void under § 524(a)(1)").

The court in *In re Lepar*, 272 B.R. 758 (Bankr.M.D.Fla.2001), applied the *Rooker–Feldman* doctrine in the context of a challenge to a debtor's claimed exemption. In *Lepar*, the state court entered a judgment providing that "Former–Wife may not claim that the former marital residence is protected by homestead exemption in the collection of this Judgment by Former–Husband." *Id.* at 761. The former wife immediately thereafter filed a Chapter 7 petition, claimed a homestead exemption, and sought to avoid her former spouse's judicial lien. The bankruptcy court concluded the *Rooker–Feldman* doctrine compelled denial of the motion to avoid lien, inasmuch as the state court had already adjudged that the homestead exemption was inapplicable. *Id.*

Here, Debtor previously argued to the state court that the Fidelity Account was an exempt private retirement plan under CCP § 704.115. The state court disagreed, holding that the Fidelity Account did not constitute a private retirement plan under that section of the California Code of Civil

reversed or vacated, then Federal Rule of Civil Procedure 60(b)(5) provides the mechanism for adjusting the federal judgment. Fed. R.Civ.P. 60(b)(5), *incorporated by* Fed. R.

Procedure. The bankruptcy court correctly denied the exemption because the state court had already addressed and resolved this issue.

## V. CONCLUSION

Because the *Rooker–Feldman* doctrine precludes the bankruptcy court from second-guessing the state court's determination that Debtor's Fidelity Account was not exempt under CCP § 704.115, we AFFIRM.

Bankr.P. 9024 ("a prior judgment upon which it is based has been reversed or otherwise vacated").