**In re Dwynn GREENFIELD and Aimee Greenfield, Debtors.**

**No. 02–06410–B7.**

United States Bankruptcy Court, S.D. California.

Jan. 31, 2003.

Rebecca E. Pennington, Esq., Law Offices of John C. Colwell, San Diego, CA, for Debtors.

Susan C. Stevenson, Esq., Pyle Sims Duncan & Stevenson, San Diego, CA, for Chapter 7 Trustee.

## OPINION

PETER W. BOWIE, Bankruptcy Judge.

The Debtors seek to exempt from their bankruptcy estate an "individual retirement account" (IRA) which Aimee Greenfield inherited pre-petition from her father. The Trustee objects to the claim of exemption on the ground that the IRA is not being used by the Debtors for retirement purposes.

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## FACTS

In November of 2000, Aimee Greenfield (Debtor) inherited from her father an "individual retirement account" (IRA). From the date of the inheritance through the present the Debtor has taken regular disbursements from the IRA as required by the Internal Revenue Code (IRC). When the Debtors filed their petition commencing this case on June 27, 2002, they sought to exempt the IRA from their bankruptcy estate under California Code of Civil Procedure (CCP) § 703.140(b)(10)(E). The Debtors' schedules indicate that as of the date of the petition the IRA was worth $67,099.00.

On September 26, 2002, Gregory Akers, the Chapter 7 Trustee (Trustee), filed an objection to the Debtors' claim of exemption on the ground that the Debtors were not using the IRA for retirement purposes.

## DISCUSSION

### Burden

There is disagreement as to which party bears the burden of proving whether or not the exemption is properly claimed. Bankruptcy Rule 4003(c) places the burden of proving that an exemption is not properly claimed on the party objecting thereto—

the Trustee in our case.[1] However, the propriety of Rule 4003(c) in a case such as this has been called into question. In *In re Barnes*, 275 B.R. 889 (Bankr.E.D.Cal. 2002), the court noted:

The allocation of the burden of proof in Rule 4003(c) may run afoul with the Supreme Court's recent decision in *Raleigh v. Illinois Department of Revenue*, 530 U.S. 15, 120 S.Ct. 1951, 147 L.Ed.2d 13 (2000). In *Raleigh*, the debtor was the president of a defunct corporation that owed state use taxes. When the taxes were not paid, the state assessed them to the debtor as the responsible corporate officer. The assessment meant that the state believed the debtor was the person who had willfully failed to direct the corporation to pay the taxes. When the debtor filed a chapter 7 petition, the state filed a proof of claim based on its prior assessment. The trustee objected to the proof of claim on the ground that the state had not proven that the debtor was liable for payment of the tax. The Supreme Court rejected this argument, reasoning that outside of the bankruptcy court the corporate officer would have to prove that he was not the person responsible for filing returns and paying taxes for the corporation. Inside bankruptcy court the burden still rests with the debtor, or the trustee as the representative of the debtor's estate. The Supreme Court held, then, that when the matter in dispute is governed by nonbankruptcy substantive law, the burden of proof is dictated by that same nonbankruptcy law. Under California law, the party claiming an exemption has the burden of proof when claiming or defending the exemption. See Cal. Civ.Proc.Code § 703.580(b). This in-

cludes exemptions that must be claimed and those that apply even absent a claim of exemption. See Cal.Civ.Proc.Code § 703.510(b). Since California has opted out of the federal exemption scheme, the debtors must claim California exemptions. See 11 U.S.C. § 521(b)(1); Cal. Civ.Proc.Code § 703.130. The burden of proof, then, is determined by California law and not the Bankruptcy Code or the Bankruptcy Rules. In this case, the debtors have not met the burden of proving their entitlement to an exemption under section 704.100(a).

*Barnes*, 275 B.R. 889, 899 n. 2. Notwithstanding the language quoted above, the actual ruling on the burden issue in the *Barnes* case is not clear. While the footnote set out above seems to place the burden on the debtors, the court also states:

While the trustees have the burden of proving under Fed. R. Bankr.P. 4003(c) that the debtors are not entitled to the exemption, the debtors are duty bound by 11 U.S.C. § 521(4) to provide a copy of the contract to the chapter 13 trustee.

This seems to indicate that the trustee maintained the ultimate burden.

The Ninth Circuit BAP has also discussed the issue:

We need not, and do not, address the bankruptcy court's deference to the state court's alternative holding that the debtor did not prove that the funds were necessary for his support upon retirement. The alternative holding was based on the exemption claimant's burden of proof under state law. In contrast, Federal Rule of Bankruptcy Procedure 4003(c) purports to place the burden of proof on the party objecting

---

1. Rule 4003(c) provides:
   In any hearing under this rule, the objecting party has the burden of proving that the

exemptions are not properly claimed. After hearing on notice, the court shall determine the issues presented by the objections.

to a claim of exemption. The issue of whether Rule 4003(c) validly reallocates the burden of proof imposed by state exemption law need not be decided in this appeal.

*Williams*, 280 B.R. 857, 863 fn. 5 (9th Cir.BAP 2002).

The court in *Raleigh* did indeed look to state law in placing the burden. However, *Raleigh* dealt with a situation—an objection to a proof of claim—for which neither the Bankruptcy Code nor the Bankruptcy Rules provide a burden of proof:

> Congress of course may do what it likes with entitlements in bankruptcy, but there is no sign that Congress meant to alter the burdens of production and persuasion on tax claims. The Code in several places, to be sure, establishes particular burdens of proof. See, e.g., 11 U.S.C. § 362(g) (relief from automatic stay), § 363(*o*) (adequate protection for creditors), § 364(d)(2) (same), § 547(g) (avoidability of preferential transfer), § 1129(d) (confirmation of plan for purpose of avoiding taxes). But the Code makes no provision for altering the burden on a tax claim, and its silence says that no change was intended.[FN2]

FN2. The legislative history indicates that the burden of proof on the issue of establishing claims was left to the Rules of Bankruptcy Procedure. See S.Rep. No. 95–989, p. 62 (1978); H.R.Rep. No. 95–595, p. 352 (1977), U.S.Code Cong. & Admin.News 1978 at 5787. The Bankruptcy Rules are silent on the burden of proof for claims; while Federal Rule of Bankruptcy Procedure 3001(f) provides that a proof of claim (the name for the proper form for filing a claim against a debtor) is "prima facie evidence of the validity and amount of the claim," this rule does not address the burden of proof when a trustee disputes a claim. The Rules thus provide no additional guidance.

530 U.S. 15, 120 S.Ct. 1951, 1955–56 & n. 2, 147 L.Ed.2d 13.

Contrarily, in the case of exemptions and objections thereto, the Rules do provide a specific and clear allocation of the burden—Rule 4003(c). Accordingly, the *Raleigh* case may not apply.

Fortunately, this Court, like the BAP in *Williams*, is able to resolve the present matter without determining on whom the burden would ultimately fall. That is, the matter can be resolved based upon facts that are not in dispute.

### Section 703.140(b)(10)(E)

■ CCP § 703.140(b)(10)(E) provides that a debtor may exempt, in relevant part:

> (10) The debtor's right to receive any of the following:
>
> (E) A payment under a stock bonus, pension, profitsharing, annuity or similar plan or contract on account of illness, disability, death, age, or length of service, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor, unless all of the following apply:
>
> (iii) That plan or contract does not qualify under Section 401(a), 403(b), or 408 of the Internal Revenue Code....

The Ninth Circuit has held that Section 703.140(b)(10)(E) covers IRA's in general. *In re McKown*, 203 F.3d 1188, 1190 (9th Cir.2000). The court in *McKown* did not discuss whether a particular IRA would qualify nor did it set out the standards to be applied. However, the bankruptcy court did provide it's reasoning for including an IRA as a "similar plan or contract:"

> An IRA comes within the scope of section 703.140(b)(10)(E) if it is "similar" to a stock bonus, pension, profit sharing, or annuity plan providing for payments to the debtor on account of age. IRAs and stock bonus, pension, profit sharing, and annuity plans share a common denominator. They are "aimed to enable working taxpayers to accumulate assets during their productive years so that they might draw upon them during retirement."

*McKown,* 203 B.R. 722, 724–25. The Court finds this rationale persuasive and further finds that it argues against the Debtors in this case. The Debtors' IRA is not "aimed to enable working taxpayers to accumulate assets during their productive years so that they might draw upon them during retirement." In the present case the Debtors are using the money now at the relatively young age of forty-one.[2] The Court recognizes that under the IRC the Debtors have no choice but to use the money now. However, the Debtors themselves explain that, even if not required to take current disbursements, the disbursements are necessary for their current support. See Debtors' Response at 6:22–26.

■ The case most directly on point, and one upon which both parties rely, is *In re Sims,* 241 B.R. 467 (Bankr.N.D.Okla. 1999). In *Sims* the debtor, like Mrs. Greenfield, inherited an IRA pre-petition. The court held that the IRA could not be exempted under the Oklahoma state exemption scheme which provides an exemption for "any interest in a retirement plan or arrangement qualified for tax exemption purposes under present or future Acts of Congress..." Like the Debtors in the present case, the debtor in *Sims* had taken distributions from the IRA prior to his retirement. The court reasoned:

> Once in the hands of Dr. Sims, the IRA is no longer a tool to defer taxation on income in order to provide for retirement; instead, the IRA is a liquid asset which may be accessed by Dr. Sims at his discretion without penalty, and which he must take as income within a relatively short period of time without regard for his retirement needs.

*Sims,* 241 B.R. at 470. The Debtors attempt to distinguish *Sims* on the grounds that their disbursements have been small and regular as opposed to Sims' two large disbursements.[3] However, the Court is persuaded that the size and regularity of the disbursements is of less import than the purpose for the disbursements. In order to qualify for an exemption the IRA must be used for "retirement needs." The Debtors are presently using the IRA funds, but they are simply not of retirement age. Furthermore, it appears from the Debtors' calculations that there will be very little if any income from the IRA for the Debtors by the time they reach retirement age. The monthly income from the IRA has already dropped from $134 in 2002 to $84 in 2003. See Debtors' Response at 4:11–14.

In light of the fact that the Debtors are using the IRA primarily for other than retirement purposes, the Court concludes that the Trustee's objection is well taken. The IRA is not exempt under CCP § 703.140(b)(10)(E).[4]

## CONCLUSION

For the foregoing reasons the Court sustains the Trustee's objection to the Debtors assertion of an exemption—the IRA may not be exempted from property of the Debtors' bankruptcy estate under CCP § 703.140(b)(10)(E).

IT IS SO ORDERED.

---

**2.** The Debtors provide in their response to the Trustee's objection that Aimee Greenfield is 41 years old. They provide no age for Dwynn Greenfield.

**3.** Dr. Sims had taken two pre-petition disbursements of $32,150.00 and $1,998.00.

**4.** The Debtors also contend that the IRA would be exempt under CCP § 704.115(a)(3). The Debtors have not, however, asserted an exemption under this section. Therefor, the Court will not consider this argument.