**In re Rajan ZAMBRE Lorraine Zambre, Debtors.**

**No. 03–45456–JBR.**

United States Bankruptcy Court, D. Massachusetts.

March 1, 2004.

---

David M. Nickless, Nickless and Phillips, PC, Fitchburg, MA, for debtors.

Michael D. Rosen, Devine, Millimet & Branch, Professional Association, Andover, MA, for First Essex Bank.

## MEMORANDUM OF DECISION ON DEBTORS' MOTION TO AVOID JUDICIAL LIEN

JOEL B. ROSENTHAL, Bankruptcy Judge.

This matter came before the Court for hearing on the Debtors' Motion to Avoid Judicial Lien (the "Motion") and First Essex Bank's Opposition (the "Opposition")

thereto. After oral argument the parties supplemented these initial pleadings with memoranda of law in support of their positions. After reviewing the relevant pleadings and arguments of the parties, the Motion is denied.

## BACKGROUND

On July 6, 2001 the Debtor-wife recorded a Declaration of Homestead in accordance with M.G.L. ch. 188, § 1, protecting the Debtors' residence located in Westford, Massachusetts (the "Property"). Shortly thereafter the Bank commenced a state court action against the Debtors and their company.[1] Count V of the Verified Complaint filed in the state court action contains an allegation that

> Said Declaration of Homestead was recorded for the purpose of defrauding the Bank and to hinder and delay the collection of the amounts due under the terms of the subject Notes and Guaranties in violation of M.G.L. ch. 109A, §§ 6 and 7.

State Court Complaint at ¶ 40.

The Debtors did not answer or "participate in the [state court] proceeding other than to agree to entry of a preliminary injunction enjoining them from transferring or encumbering any assets other than in the ordinary course of their affairs." Defendant's Memorandum of Law in Support of Their Motion to Avoid Judicial Lien at 2. In November 2001 the Bank sought and obtained a default. In July 2002 the Bank sought assessment of its damages and on December 9, 2002 the state court entered a judgment in the amount of $680,000 and an order which read, in part, "based upon the facts admitted by the defendants' default, the declaration of homestead ... constitutes a fraudulent conveyance and is null and void." The Debtors did not take an appeal.

In May 2003 the state court issued an execution in the amount of the judgment. A sheriff's sale of the Debtors' residence was scheduled in response to which the Debtors filed for bankruptcy. Following the Debtors' section 341 meeting, the Debtors filed the Motion. The Bank filed its Opposition based upon the state court's declaration that the homestead is invalid.[2]

## POSITION OF THE PARTIES

The Debtors argue that, under 11 U.S.C. § 522(f),[3] they are entitled to avoid the

---

1. The company, Intersoft Technologies, Inc., subsequently filed a voluntary Chapter 7 petition.

2. There is no dispute that the objection to the homestead was timely and could be made within the context of an opposition to the avoidance motion. *See In re Heretakis,* 293 B.R. 82, 85 (Bankr.D.Mass.2003); *In re Betz,* 273 B.R. 313 (Bankr.D.Mass.2002). There is also no allegation that the lien was not properly perfected or is otherwise avoidable.

3. Section 522(f) provides in relevant part:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien, other than a judicial lien that secures a debt—
> (i) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement; and
> (ii) to the extent that such debt—
> (I) is not assigned to another entity, voluntarily, by operation of law, or otherwise; and
> (II) includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance or support.

Bank's lien as it impairs the homestead exemption to which the Debtors would otherwise be entitled. They allege that the Property has a fair market value of $375,000 and is encumbered by a first mortgage of $121,000. Because M.G.L. ch. 188, § 1[4] protects $300,000 in equity, application of the formula prescribed by section 522(f) mandates that the Bank's lien be avoided in its entirety.

The Bank objects primarily on the grounds that its lien cannot impair the homestead as there is no homestead. The homestead upon which the right to avoid the lien is based was deemed invalid by the state court. Moreover the Bank argues that under the *Rooker–Feldman*[5] doctrine, the Bankruptcy Court is prohibited from looking behind the state court's judgment holding the homestead invalid and that principles of *res judicata* and issue preclusion also mandate the same result.

In response the Debtors argue that they did not litigate the validity of the homestead in the state court action and thus neither issue preclusion nor *res judicata*

applies. They also argue that because the Bankruptcy Code, unlike Massachusetts law, allows a debtor to exempt property from pre-existing debts, *see In re Weinstein,* 164 F.3d 677 (1st Cir.1999), principles of issue preclusion and *res judicata* do not apply. Moreover they assert that because a declaration of homestead is not an encumbrance and filing a declaration is not a transfer, the state court judgment is unsupportable.

## DISCUSSION

■■■ This motion falls squarely within the *Rooker–Feldman* doctrine. The doctrine divests any lower federal court of jurisdiction to act as a "super-appeals" court for a state court determination; only the Supreme Court has such authority. *Rooker,* 263 U.S. at 416, 44 S.Ct. 149, 68 L.Ed. 362. That this Court would have jurisdiction over the Motion pursuant to 28 U.S.C. § 1334 but for the State Court judgment does not invest this Court with the right to sit as an appellate court with respect to the state court decision.[6] Nor

---

4. M.G.L. ch. 188, § 1 provides in relevant part:

An estate of homestead to the extent of $300,000 in the land and buildings may be acquired pursuant to this chapter by an owner or owners of a home or one or all who rightfully possess the premise by lease or otherwise and who occupy or intend to occupy said home as a principal residence....

5. The *Rooker–Feldman* doctrine derives from two Supreme Court cases, *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983), and prevents lower federal courts from acting as "superappeals" courts sitting in review of final state court orders. *Cruz v. Melecio,* 204 F.3d 14, 21 n. 5 (1st Cir.2000) (doctrine inapplicable to non-final orders). For a general discussion of the *Rooker–Feldman* doctrine *see Wilson v. Shumway,* 264 F.3d 120, 123 (1st Cir.2001); *In re Mitchell,* 255 B.R. 97, 106

(Bankr.D.Mass.2000)(citing *Halvorsen v. Mendez (In re Mendez),* 246 B.R. 141 (Bankr. D.P.R.2000)).

6. In some instances a bankruptcy court may find that it has jurisdiction over only certain aspects of the case. When ruling in a dischargeability action based upon a debt found to be valid by a state court, for example, the bankruptcy court must ensure that it exercises only the jurisdiction entrusted to it, namely, whether the debt is dischargeable, without sitting in review of an underlying state court judgment validating the claim at the heart of the dischargeability action. *In re Sweeney,* 276 B.R. 186, 195–96 (6th Cir. BAP 2002) ("The dischargeability of a debt must be recognized as a matter separate from the merits of the debt itself. Thus, under the Rooker–Feldman doctrine, a bankruptcy court may not review and redetermine the merits of a debt or set aside the default judgment reflecting it, but it may within its exclusive jurisdiction determine whether that debt is dischargeable or not.").

does the fact that this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (K) afford the Court jurisdiction when the *Rooker–Feldman* doctrine is applicable. Moreover, because the doctrine is jurisdictional in nature, it cannot be waived. *In re Stoddard*, 248 B.R. 111, 120 (Bankr.N.D.Ohio 2000).

■■■ The doctrine prohibits both direct and indirect attempts to circumvent a state court's ruling. A lower federal court does not have jurisdiction over a claim if "the relief requested would effectively reverse the state court decision or void its ruling." *Bechtold v. City of Rosemount*, 104 F.3d 1062, 1065 (8th Cir.1997). Application of the doctrine does not depend upon whether the party seeking "review" had an opportunity to participate fully in the state court proceedings. It is irrelevant that the state court decision is incorrect, even if manifestly so.

> The Rooker–Feldman doctrine precludes courts from exercising subject matter jurisdiction where the issues presented in the case are "inextricably intertwined" with questions previously adjudicated by a state court, such that the federal district court would be in the unseemly position of reviewing a state court decision for error. *See Hill v. Town of Conway*, 193 F.3d 33, 39 (1st Cir.1999) (noting that a federal claim is "inextricably intertwined" with a state-court claim "if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."); *see generally D.C. Ct.App. v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Wilson v. Shumway*, 264 F.3d 120 (1st Cir.2001).

*Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 44 (1st Cir.2003) (footnote omitted).

There is no question that the avoidance motion is an attempt to have the state court decision "overturned" by this Court. The Debtors' main argument against the application of the *Rooker–Feldman* doctrine is that the state court erred when it held the homestead invalid for two reasons. First they argue that, as a matter of law, the homestead is neither a transfer nor an encumbrance.[7] Second they argue that the state court complaint did not allege sufficient facts upon which the state court could make its finding that the recording of the homestead was fraudulent. A review of these alleged errors, which the Court would have to undertake in order to rule on the avoidance motion, is precisely what is prohibited by *Rooker–Feldman*. The state court's decision declaring the declaration of homestead void cannot be reviewed by this Court.

In *In re Lepar*, 272 B.R. 758 (Bankr. M.D.Fla.2001), a case similar to the instant one, the court examined the impact of the *Rooker–Feldman* doctrine on a debtor's motion to avoid a judicial lien. Prior to the commencement of the debtor's bankruptcy, she and her husband were divorced. Pursuant to the final judgment entered by the state court approximately one week before the bankruptcy filing, the wife was ordered to pay a money judgment to the husband. In the same judgment the state court ordered that the wife could not claim a homestead exemption in the former marital home against the money judgment. The state court judgment was recorded 21 minutes before the debtor filed her petition. When she filed bankruptcy, the debtor claimed a homestead exemption in the former marital home and the husband objected. The objection was over-

---

7. *See In re Miller*, 113 B.R. 98, 105 (Bankr. D.Mass.1990).

ruled. The debtor then filed a motion to avoid the husband's lien. The bankruptcy court noted that the husband held a properly recorded judicial lien that indeed impaired the debtor's right to her homestead objection. It concluded, however, that it lacked jurisdiction to avoid the lien because of the *Rooker–Feldman* doctrine. In order for the bankruptcy court to avoid the husband's lien, it would have to ignore, if not actually overrule, so much of the state court judgment that prohibited the debtor from claiming a homestead exemption against the husband's judgment. Consequently the bankruptcy court denied the motion. *See also In re Williams,* 280 B.R. 857 (9th Cir. BAP 2002) (affirming bankruptcy court's denial of exemption of assets previously determined to be nonexempt under state law by state court); *In re Brazelton Cedar Rapids Group LC,* 264 B.R. 195, 199 (Bankr.N.D.Iowa 2001) (bankruptcy court lacked jurisdiction to determine objection to claim based on debt state court found to be valid and owing).

Thus, because the State Court has determined that Debtors herein do not have a valid homestead under state law, they cannot avoid the Bank's attachment under section 522(f). For this same reason, this Court need not address the alternate grounds advocated by the Bank.

**CONCLUSIONS**

For the reasons set forth herein, the Motion is denied.

A separate order will issue.

### ORDER ON DEBTORS' MOTION TO AVOID JUDICIAL LIEN

For the reasons set forth in the accompanying Memorandum of Decision on Debtors' Motion to Avoid Judicial Lien, the Motion is hereby DENIED.