**In re Donald Ray PERINE Vanessa Brown Perine a/k/a Vanessa Brown, Debtors.**

**Civ. A. No. 83–0315–P.**

United States District Court, S.D. Alabama, S.D.

Aug. 24, 1983.

Daniel W. Molloy, Mobile, Ala., for debtors.

Paul M. Foerster, Mobile, Ala., trustee.

ORDER ON BANKRUPTCY APPEAL

PITTMAN, Senior District Judge.

The debtors in this voluntary bankruptcy petition claimed exemptions under Alabama Code §§ 6–10–2 and 6–10–6 (1975). The trustee filed exceptions to these claims, and the Bankruptcy Judge sustained his objections in an order of the Bankruptcy Court dated January 31, 1983. Bankruptcy Case No. 82–00864. The debtors now appeal. This court has jurisdiction of the appeal under 28 U.S.C. § 1334 (1976).

This court heard oral argument on August 9, 1983 on these issues:

(1) Whether the exemption laws of Texas, where the debt was incurred and the debtors then resided, or Alabama exemptions, where the debtors were domiciled when the bankruptcy was filed, apply;

(2) Which exemption laws in Alabama apply when some of the debts, here one, were incurred before May 19, 1980, and other debts were incurred after that date when exemptions to the debtors' benefit were increased.

■ The Bankruptcy Judge's findings of fact are not contested. Where the questions presented are solely legal ones, no presumption of correctness applies; and the district court will make an independent determination of the legal issues involved. *Matter of Hammons*, 614 F.2d 399, 403 (5th Cir.1980).

This appeal by the debtors results from the Bankruptcy Court's refusal to allow the debtors' claimed personal and real property exemptions on the grounds that the amount of the property claimed exceeded the total dollar amount allowed by law. The debtors claimed a homestead exemption in the amount of $4,350.81, but the Bankruptcy Judge held that the homestead exemption should be limited to $2,000.00. The debtors claimed a personal property exemption in the amount of $4,322.00, but the Bankruptcy Judge held that the personal property exemption should be limited to $2,000.00 ($1,000.00 for each of the two debtors).

■ The Bankruptcy Code in 11 U.S.C. § 522(b)(2)(A) (Supp. III 1979) incorporates the exemption laws of the debtor's residence. This provision states that "an individual debtor may exempt ... any property that is exempt under ... State or local law applicable on the date of the filing of the petition at the place in which the debtor's domicile has been for the 180 days immediately preceding the date of the filing...." *Id.* Since the debtors in this case resided in Alabama from July, 1981 through the filing date of August 17, 1982, the Bank-

ruptcy Code's own "choice of law" provision requires the application of Alabama exemption law. In other words, the Bankruptcy Code incorporates the Alabama exemptions as they are applied and interpreted by Alabama courts. *See, e.g., In re LaFortune*, 652 F.2d 842 (9th Cir.1981); *In re Gould*, 457 F.2d 393 (5th Cir.1972).

The debtors contend, however, that the Alabama exemption statute requires the application of the Texas exemptions to one of their debts, to-wit: Chemical National Bank. The Alabama statute provides: "The right of homestead or other exemption shall be governed by the law in force when the debt or demand was created." Ala.Code § 6–10–1 (1975). The debtors contend that since they lived in Texas when they created their debt with Chemical National Bank, Texas exemption law was "in force when the debt ... was created." *Id.* Therefore, they argue, Alabama law requires that the Texas exemptions apply to that debt.

The appellant-debtors do not have an Alabama decision that adopts their position. This court is unable to find one. The language of Ala.Code § 6–10–1 which applies the exemptions "in force when the debt ... was created" apparently refers to the Alabama exemptions in effect at the time the debt was incurred. It would appear that the language was for the purpose to determine which of various Alabama exemption statutes passed at different times apply to a particular debt.

The application of Alabama exemptions in this case would also be in accord with the exemption choice law rules of most states. Numerous decisions exist in which courts have held that exemption laws pertain only to remedies and, therefore, that the law of the forum applies. *See* Annot., 100 A.L.R.3d 1235, 1241 (1981) and cases cited therein. *Accord., East Tennessee V. & G.R. Co. v. Kennedy*, 83 Ala. 462, 3 So. 852 (1888). The state of the debtor's domicile also has the greatest interest in the policies embodied in exemption laws. These laws seek to preserve for a debtor

enough assets to survive and not become a ward of the state. Therefore, the law of the state in which the debtor resides should apply. In this case it is Alabama.

Therefore, this court finds that Alabama law requires the application of the Alabama exemptions to all of the debtors' debts, including the Chemical National Bank debt.

■ The Bankruptcy Court further held that since some debts listed in the debtors' petition were incurred prior to May 19, 1980, the increased exemption allowances contained in Alabama Act No. 80–569 do not apply to any of the debts—even those incurred after May 19, 1980. This court has held that this conclusion is incorrect as a matter of law with respect to both the personal and real property exemptions. *See Gooden v. Stewart,* No. 81–1065–P (S.D.Ala. March 25, 1983); *Pryor v. Stewart* No. 82–1117–P (S.D.Ala. March 25, 1983); *Goldsby v. Stewart,* No. 82–1140–P (S.D.Ala. March 25, 1983); *Flowers v. Stewart,* No. 82–1149–P (S.D.Ala. March 25, 1983); *Jarrell v. Stewart,* No. 82–0743–P (S.D.Ala. July 8, 1983). In these cases, this court held that because Ala. Code § 6–10–1 (1975) requires the application of the exemption statute that was in force when a debt was created, it would be improper to limit the debtor to the smaller pre-May 19, 1980 exemptions when some listed debts were created after May 19, 1980. Rather, the pre-May 19, 1980 exemptions apply to the debts incurred prior to May 19, 1980, and the post-May 19, 1980 exemptions apply to the debts incurred after that date.

It is therefore ORDERED that the Bankruptcy Court's order of January 31, 1983 is hereby AFFIRMED IN PART AND REVERSED IN PART; and the cause is remanded to the Bankruptcy Court for further proceedings and for the application of the pre-May 19, 1980 and post-May 19, 1980 Alabama exemptions in a manner consistent with this order.