**In re Tony Gliston NAVARRE, Deanna Jo Navarre, Debtors.**

**No. 03–33940–WRS.**

United States Bankruptcy Court, M.D. Alabama.

July 21, 2004.

Earl Gillian, Jr., Montgomery, AL, Attorney for Debtor.

Susan Shirock DePaola, Montgomery, AL, Trustee.

### MEMORANDUM DECISION

WILLIAM R. SAWYER, Chief Judge.

This Chapter 7 bankruptcy case is before the Court on the Trustee's objection to Debtor Tony Navarre's claim of exemption relating to his interest in an inherited Individual Retirement Account (IRA), which he received upon the death of his mother. (Doc. 17). Navarre claims that his interest in the proceeds is exempt from the bankrupt estate pursuant to Alabama Code § 19–3–1. (Doc. 14). The matter was heard on March 2, 2004. Navarre was present by counsel Earl Gillian, Jr., and Chapter 7 Trustee Susan S. DePaola was present in person. Subsequent to the hearing, briefs were filed by both parties. (Docs.24, 25). For the reasons set forth below, the Trustee's objection is SUSTAINED.

### I. FINDINGS OF FACT

The facts are not in dispute. On December 1, 2003, Nellie E. Chambers died, leaving a 1/3 interest in an IRA account to her son Tony Navarre. On December 29, 2003, Navarre filed a joint petition in bankruptcy, under Chapter 7 of the Bankruptcy Code, with his wife Deanna which commenced this case. Shortly thereafter, Navarre received cash in the amount of $7,799.78, representing his interest in his deceased mother's IRA. On February 10, 2004, Navarre amended his claim of exemption contending that the proceeds from his mother's IRA were exempt pursuant to Alabama Code § 19–3–1. (Doc. 14). On February 17, 2004, Trustee Susan DePaola filed an objection to the amended claim of exemption. (Doc. 17).

### II. CONCLUSIONS OF LAW

#### A. General Considerations

The Trustee's objection to Navarre's claim of exemption is a contested matter. Rule 9014, Fed. R. Bankr.P. This is a core proceeding in which a bankruptcy judge may enter a final order. 28 U.S.C. § 157(b)(2)(B). This Court has subject matter jurisdiction over this contested matter. 28 U.S.C. § 1334(b).

Before delving into the intricacies of the question presented here, we should consider the context in which this issue arises. In Chapter 7 bankruptcy cases such as this one, the Trustee's central task is to collect the property of the bankruptcy estate, convert it to cash and distribute the cash to creditors in accordance with the scheme prescribed by Congress. 11 U.S.C. §§ 704, 726. Whether or not a given item of property is, or is not property of the estate is of critical importance. If an article of property is property of the estate, it is to be reduced to cash and distributed to creditors. On the other hand, if it is not property of the estate, it may not be taken by the Trustee in bankruptcy. If it is determined that an article of property is property of the estate, the matter is not at an end. The law permits a debtor in a case under Chapter 7 to exempt certain property from the estate, setting it apart for his own benefit.

Therefore, this is a two-step process. First, it must be determined whether property is property of the estate. If the answer is yes, then it must be determined whether or not the property is exempt.

■ Debtors who file petitions in bankruptcy pursuant to Chapter 7 of the Bankruptcy Code, may set apart certain property as exempt from property of the estate, thereby preserving it for the debtor's personal use, rather than having it distributed to creditors as is the case with property of the estate. 11 U.S.C. § 522. The Bankruptcy Code permits States to opt out of the exemptions provided in § 522 and provide their own schedule of exemptions. § 522(b)(1). The State of Alabama has done so. Alabama Code § 6–10–11; *see also, In re Cheatham*, 309 B.R. 631, 632 (Bankr.M.D. Ala.2004); *In re Simmons*, 308 B.R. 559, 561–62 (Bankr.M.D.Ala. 2004); *In re Perine*, 46 B.R. 695, 696 (S.D.Ala.1983). Therefore, the permissible exemptions from the bankrupt estate for a debtor who resides in Alabama are provided in Alabama statutes.

## B. Whether the Proceeds of the Inherited IRA Property are Exempt from Navarre's Bankruptcy Estate

The question presented here is whether the inherited funds received by Navarre are exempt from the bankruptcy estate pursuant to 11 U.S.C. § 522(b) and Alabama Code § 19–3–1. The Court will first consider the nature of an IRA account and the effect of the death of the account owner upon the account. Second, the Court will consider the nature of the proceeds in the hands of a non-spouse beneficiary.[1]

## A. IRA Accounts

Individual Retirement Accounts are governed, in large part, under the provisions 26 U.S.C. § 408. Subject to limitations and conditions not relevant here, contributions made to fund an IRA are tax deductible. Moreover, earnings on the funds in the account are tax deferred until a distribution is taken from the account. 26 U.S.C. § 408(d). The funds in an IRA account have not been taxed and the earnings on those funds also have not been taxed. This process of accumulating retirement funds on a tax-deferred basis is an important tax benefit which underlies retirement planning.

In the event the owner of an IRA account dies, the funds remaining in the account are distributed to the beneficiaries who are named in the documents which govern the account. The distribution of the previously tax deferred funds to the beneficiaries is then taxed according to special rules provided under the Internal Revenue Code. Distributions received by a spouse of the decedent may be "rolled over" into an account of the surviving spouse, maintaining the tax-deferred treatment under the Internal Revenue Code. However, the Internal Revenue Code does not allow this preferred tax treatment in the event. that the beneficiary is someone other than a surviving spouse. 26 U.S.C. § 408(d)(3)(C)(ii); *see also,* 26 C.F.R. § 1.408–2(b)(7). When Navarre received the distribution from his mother's account, the Internal Revenue Code did not provide him an option to "roll over" the proceeds into an IRA account of his own. Navarre received the cash proceeds and did not

---

1. The Internal Revenue Code treats a surviving spouse beneficiary differently than other beneficiaries. As this case involves a beneficiary who is not a surviving spouse, the Court will not consider the question of whether an inherited IRA would be exempt from the estate of a surviving spouse in the event a debtor was a surviving spouse.

place them into an IRA account of his own.[2]

## B. The Exemption Statute

### 1. Alabama Code § 19–3–1(b)(1)

In the case at bar, Navarre claims that the funds received from his mother's IRA account are exempt pursuant to Alabama Code § 19–3–1(b)(1), which provides, in part, as follows:

> (b)(1) PROHIBITION ON ASSIGN-MENT—Any benefits provided under a plan which includes a trust that constitutes a "qualified trust" may not be assigned or alienated, voluntarily or involuntarily, and shall be exempt from the operation of any bankruptcy or insolvency laws under 11 U.S.C. § 522(b), as from time to time amended. This subdivision may not be waived by a participant or beneficiary of any qualified plan.

Reading subsection (b)(1) in isolation, it would appear that "qualified trusts" are exempt, pursuant to 11 U.S.C. § 522(b). The term "qualified trust" as it is used here is defined to include IRA accounts. Ala.Code § 19–3–1(b)(5)(d)(3). Applying this definitional provision to subsection (b)(1), it follows that IRA accounts would appear to be exempt from a bankrupt estate.

### 2. Alabama Code § 19–3–1(b)(4)

The statute contains an "interpretive" provision, which has caused some confusion. This interpretive provision is contained in § 19–3–1(b)(4), which provides as follows:

> 2. Internal Revenue regulations permit a "trustee to trustee" transfer of funds such as those in question here. As Navarre did not elect this option, the Court will not comment as to what effect a transfer of this kind would have had in the event the transferee later filed bankruptcy. For a detailed discussion of how

(4) INTERPRETATION—The provisions of this section shall be interpreted so as to provide restrictions on alienation and assignment to the extent, and only to the extent, the same are required for a trust within the definition of "qualified trust" herein to be a "qualified trust" under the applicable provisions of the Code, notwithstanding any attempted assignment or alienation in violation of Section 401(a) or other applicable provisions of the Code. It is intended that this section will constitute "a restriction of the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law" for the purposes of Section 541(c)(2) of the Federal Bankruptcy Code, 11 U.S.C. § 541(c)(2), as from time to time amended. This section shall further be construed as a "state spendthrift trust law." It is further intended for this section to provide an exemption from creditors' claims within 11 U.S.C. § 522.

### a. The first sentence (§ 19–3–1(b)(4))

This interpretive section is complex and the Court will consider it one sentence at a time. The first sentence states that: "(t)he provisions of this section shall be interpreted so as to provide restrictions on alienation and assignment to the extent, and only to the extent, the same are required for a trust within the definition of 'qualified trust' herein to be a 'qualified trust' under the applicable provisions of the Code, notwithstanding any attempted assignment or alienation in violation of Section 401(a) or other applicable provisions of the Code."[3] This section appears

inherited individual retirement accounts are taxed, *see* Internal Revenue Service, Publication 590 (2003).

3. One should note that the term "qualified trust" is used twice in this sentence. While the legislature uses the same term twice in the

to have been drafted to solve a problem which existed prior to the time the United States Supreme Court handed down *Patterson v. Shumate,* 504 U.S. 753, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992).

Before we consider further what the first sentence in § (b)(4) means, we will consider the Supreme Court's decision in *Patterson v. Shumate.* To do this, we must also consider 11 U.S.C. § 541(c)(2), which provides as follows: "A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a cause under this title." Several appellate courts had held, prior to the time *Patterson v. Shumate* was handed down, that the term "applicable nonbankruptcy law" meant state law and that a restriction on a transfer under nonbankruptcy federal law, such as ERISA, was not within the scope of this provision. The Eleventh Circuit was one of those circuits. *Lichstrahl v. Bankers Trust, (In re Lichstrahl),* 750 F.2d 1488 (11th Cir.1985). In the Eleventh Circuit prior to the time the Supreme Court handed down *Patterson v. Shumate,* beneficial interests in ERISA qualified trusts (i.e. pension plans), were considered to be property of the bankruptcy estate and subject to the claims of creditors. The first sentence of Alabama Code § 19–3–1(b)(4), was intended to make ERISA plans subject to restrictions on transfer under State law, thereby excluding pension plans from the bankrupt estate under 11 U.S.C. § 541(c)(2), and thereby solving the problem posed by *Lichstrahl.*

The first sentence in this paragraph contains a limitation: "to the extent, and only to the extent, the same are required for a trust within the definition of 'qualified trust.'" Individual Retirement Accounts are not required to have restrictions on transfer, as are pension plans (i.e. qualified trusts pursuant to 26 U.S.C. § 401). *Cf.* 26 U.S.C. § 401(a)(13)(a trust is not a qualified trust unless its benefits may not be alienated or assigned) and § 408(a). As an IRA account is not required to contain a restriction on transfer, none is supplied as a matter of Alabama law. *In re Slepian,* 170 B.R. 712, 715 (Bankr.S.D.Ala.1994). This complex bit of draftsmanship was made necessary by the decision in *Lichstrahl.* To prevent pension plans from becoming property of the estate, it was necessary to supply a restriction on transfer as a matter of state law, because the Eleventh Circuit in *Lichstrahl* joined those circuits which found that the term "nonbankruptcy law" was limited to state law and did not include nonbankruptcy Federal law.

To simplify, the first sentence of § 19–3–1 supplies a restriction on transfer to pension plans (and other plans which are qualified under 26 U.S.C. § 401) but does not restrict the transfer of other plans, such as IRA's, which are not so limited. It then follows that, as a matter of Alabama law, qualified plans, which meet the requirements of 26 U.S.C. § 401, are excluded from property of the bankrupt estate, pursuant to 11 U.S.C. § 541(c)(2). On the other hand, IRA's are not excluded from property of the estate because a "restriction on alienation" is not required under

---

same sentence, it does not have the same meaning in both instances. The first reference means "qualified trust" as defined in § 19–3–1, which includes "qualified trusts" under 26 U.S.C. § 401, IRAs and several additional legislative creatures which are listed in § 19–3–1(b)(5)(D). The second reference

to "qualified trust" in this sentence is limited to those trusts which are qualified in accordance with 26 U.S.C. § 401, excluding IRS's and a host of other interests as well. If one fails to make this distinction, one's reading of this statute will be flawed.

either the Internal Revenue Code or ERISA. The reader should bear in mind that "qualified trusts" as that term is used in Alabama Code § 19–3–1, includes both trusts which are qualified pursuant to 26 U.S.C. § 401, and other interests, such as IRA's, which are brought within the scope of § 19–3–1, pursuant to that statute's definitional provisions. Alabama Code § 19–3–1(b)(5).

### b. The second sentence (§ 19–3–1(b)(4))

The second sentence of this subsection states that: "(i)t is intended that this section will constitute 'a restriction of the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law' for purposes of Section 541(c)(2) of the Federal Bankruptcy Code, 11 U.S.C. § 541(c)(2), as from time to time amended." This second sentence does nothing more than attempt to clarify its purpose in writing the first sentence.

### c. The third sentence (§ 19–3–1(b)(4))

The third sentence in this subsection states that "(t)his section shall further be construed as a 'state spendthrift trust law.'" This is further clarification, ensuring that ERISA qualified plans are deemed spendthrift trusts as a matter of Alabama law. One should bear in mind that this statute was, for many years, merely a statute dealing with spendthrift trusts. From this section's enactment in 1935, until 1990, when it was amended, the entire section consisted of what is now paragraph (a). In 1990, the Alabama legislature amended this statute in an effort to exclude pension plans, profit-sharing plans and other § 401 trusts, from the bankrupt estate.

### d. The fourth sentence (§ 19–3–1(b)(4))

Were the legislature to have stopped here, one would be left with the following state of affairs. First, pension plans and other § 401 qualified plans would be excluded from the bankrupt estate. Second, IRA's and other interests, which fall within the definitional scope of § 19–3–1, which are not qualified plans within the meaning of 26 U.S.C. § 401, would not be so excluded, because of the operation of the first sentence of this subparagraph. However, there is one more sentence, which states as follows: "It is further intended for this section to provide an exemption from creditor's claims within 11 U.S.C. § 522." The question now becomes, what does this fourth sentence add to the mix?

If the coverage of this statute was limited to trusts and interests which are qualified under § 401, then this last sentence would be wholly unnecessary. As pension plans are not property of the estate in the first place, there is no need to exempt them from the estate. The coverage of Alabama Code § 19–3–1, includes IRAs and a number of other interests which are not qualified under 26 U.S.C. § 401. In other words, the coverage of Alabama Code § 19–3–1 is considerably broader than the coverage of 26 U.S.C. § 401. This last sentence of § 19–3–1(b)(4) is necessary to protect IRA's (as well as the other non-qualified § 401 interests), by providing an exemption from the bankrupt estate. To summarize, pension plans and other § 401 interests, are excluded from the bankrupt estate pursuant to 11 U.S.C. § 541(c)(2), while IRA's and other non-qualified § 401 interests which are within the coverage of § 19–3–1, are included in the bankrupt estate but exempt.

### e. § 19–3–1(b)(1), (4)-putting it all together

Having worked through the intricacies of § 19–3–1(b)(1), and its interpretive provision (b)(4), one may distill the following rule. First, pension plans and other interest which are qualified under § 401 of the

Internal Revenue Code, are excluded from property of the estate, pursuant to 11 U.S.C. § 541(c)(2) and Alabama Code § 19–3–1(b). Second, IRA's and other interests which fall within the definitional scope of § 19–3–1 but which are not qualified trusts within the meaning of § 401 of the Internal Revenue Code, are property of the estate but exempt. Neither type of interest are subject to claims of creditors.

### C. Existing Case Law

Two Bankruptcy judges in the Northern Districts of Alabama have published decisions finding that IRA accounts are exempt from the bankrupt estate. *In re Harless*, 187 B.R. 719 (Bankr.N.D.Ala.1995)(Stilson, J); and *In re Hyde*, 200 B.R. 694 (Bankr.N.D.Ala.1996)(Caddell, J.).[4] This Court will join with the Northern District decisions in *Harless* and *Hyde* fining that IRAs are exempt from the bankruptcy estate pursuant to § 19–3–1.

### D. Inherited IRA's

■ Having found that, as a general proposition, a debtor's interest in his own IRA account is exempt from the bankrupt estate, it must next be determined whether that interest, which was inherited by Navarre from his mother, is likewise exempt. The Trustee does not dispute that the interest of a debtor, who owns his own IRA, is exempt from the estate, but rather she contends that the interest received by Navarre is not exempt, citing a decision from a Bankruptcy Court in Oklahoma. *In re Sims*, 241 B.R. 467 (Bankr.N.D.Oklahoma 1999). In *Sims*, the Court held that, as a matter of Oklahoma law, an inherited IRA is not exempt from the bankrupt estate, citing Okla. Stat. Ann. Tit. 31, § 1(A)(20).

Navarre argues that the decision in *Sims* is of limited application here as it turns on a question of Oklahoma, rather than Alabama law. The question here is whether the interest in question is exempt under Alabama statute. The definitional paragraph of § 19–3–1 provides that the IRA falls within the scope its coverage: "an individual retirement plan described in Section 7701(a)(37) of the Code." The question becomes whether an inherited IRA is equivalent to an IRA for purposes of determining whether it is exempt from the bankrupt estate. Examination of the Internal Revenue Code would suggest that it is not because the tax code treats an inherited interest different than an IRA. *See*, 26 U.S.C. § 408(d)(3)(C)(which distinguishes "inherited individual retirement accounts" from "individual retirement accounts.") For this reason an "inherited individual retirement account" does not fit within the definitional scope of § 19–3–1 and therefore, it is not exempt from the bankrupt estate.

The Court relies upon *Sims*, recognizing that it is decided under an Oklahoma exemption statute. The Court in *Sims* found that an IRA is exempt from the bankrupt estate as a matter of Oklahoma law. Similarly, an IRA account owned by a debtor who files bankruptcy in Alabama is likewise exempt. The Court in *Sims* examined 26 U.S.C. § 408(d)(3)(C) and concluded that an inherited individual retirement account is different than an individual retirement account and for that reason is not exempt. This Court does not rely upon the examination of Oklahoma law undertaken by the Court in *Sims* but rather it

---

**4.** The United States Bankruptcy Court in the Southern District of Alabama determined that an IRA was not exempt as a matter of New York law. As its discussion of Alabama Code § 19–3–1 was merely dicta, that decision will not be considered further. *See*, *In re Slepian*, 170 B.R. 712 (Bankr.S.D.Ala.1994).

does agree with its conclusion, which is based upon its examination of the Internal Revenue Code, that an inherited IRA is sufficiently different from an IRA so as to preclude its exemption from the bankrupt estate. *See also, In re Greenfield,* 289 B.R. 146, 150 (Bankr.S.D.Cal.2003)(inherited IRA account not exempt under California statute). Navarre argues, without any support, to the contrary in his brief. Navarre would equate an "inherited individual retirement account" with an "individual retirement account." As the Court rejects this contention made by Navarre, the remainder of his argument falls of its own weight.

■ The following hypothetical situation will further illustrate the situation here. Assume for the sake of this hypothetical that a debtor's widowed mother died shortly before he filed bankruptcy. Assume further that the debtor has two brothers and that the three each inherited a 1/3 interest in their mother's home, which she owned free and clear. Whether the three brothers kept the home or sold it and divided the cash, the son who filed bankruptcy could not claim a homestead interest in the property (or the cash) simply because the residence was his mother's homestead. In making a determination whether an item of property is exempt, one looks to the character of that property in the hands of the debtor and not its character in the hands of the transferor. The same is true here. The IRA account in question here was exempt while in the hands of Navarre's mother. The character of the interest changed upon the death of Navarre's mother by operation of the Internal Revenue Code. To put the matter plainly, an inherited IRA is not the same as an IRA, and for this reason it is not exempt.

### III. CONCLUSION

While a debtor's own IRA is exempt, the interest which one inherits as a result of being named a beneficiary under the IRA account of another is not exempt. As the Internal Revenue Code treats inherited interests differently than the IRA in the hands of its owner, it does not qualify for the exemption under Alabama Code § 19-3-1. For this reason, the Trustee's objection to Navarre's claim of exemption in this case is SUSTAINED. Pursuant to Bankruptcy Rule 9021, judgment will be entered by way of a separate document.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF EXEMPTION

For the reasons set forth in this Court's Memorandum Decision of this date, judgment is entered in favor of the Trustee. The Trustee's objection to Debtor Tony Navarre's claim of exemption is SUSTAINED.