SILBERMAN, Judge.
 

 Richard A. Robertson appeals an order denying his claim of exemption from garnishment with respect to an inherited IRA. We affirm based on our determination that inherited IRAs are not entitled to the exemption set forth in section 222.21(2)(a), Florida Statutes (2008), because that section is limited to the original “fund or account.”
 

 Kevin J. Deeb sued Robertson on a promissory note and obtained a judgment against him in excess of $188,000. Deeb thereafter obtained and served a writ of garnishment to RBC Wealth Management, a division of RBC Capital Markets Corporation. In response, RBC identified an account titled “Richard A[.] Robertson Beneficiary, Harold Robertson Decedent RBC Capital Markets Custodial IRA” that contained $75,372 in cash and securities. Robertson filed a claim of exemption and argued that the IRA, which he had inherited from his father, was exempt from garnishment pursuant to section 222.21(2)(a).
 

 At the hearing on Robertson’s claim of exemption, Robertson relied on a letter and a fact sheet from RBC informing Robertson of his rights to his father’s IRA as a beneficiary. The fact sheet stated that, upon his father’s death, Robertson had two options. His first option was transferring the account into an inherited IRA, which would require him to accept annual minimum distributions but allow him to take discretionary payouts without penalty. His second option was accepting distributions pursuant to the “five year death rule,” which would allow him to take discretionary payouts from his father’s account as long as he exhausted the funds within five years of his father’s death. Robertson elected to transfer the account into an inherited IRA.
 
 [1]
 

 Section 222.21(2)(a) renders “money or other assets payable to an owner, a participant or a beneficiary” exempt from garnishment if it is in a fund or account that is
 
 *938
 
 maintained as an IRA pursuant to a plan or governing instrument that is exempt from taxation under certain provisions of the Internal Revenue Code. The trial court found that section 222.21(2)(a) does not apply to an inherited IRA and denied the claim of exemption. The court reasoned that at the time of his father’s death, the account became Robertson’s property and no longer qualified for the same exemptions from taxation. The court concluded, “It is not an IRA. It is not like an IRA in terms of taxing and penalty for early withdrawal and things of that nature, so I don’t think that’s what [the legislature] meant.”
 

 On appeal, Robertson argues that the court erred in determining that section 222.21(2)(a) does not apply because he is a “beneficiary” of the “fund or account” that qualified as an IRA when his father was alive. Deeb argues that the trial court’s ruling should be affirmed because IRAs lose their tax exempt status under section 222.21(2)(a) upon the death of the original owner.
 

 We review this question of law regarding the interpretation of section 222.21(2)(a) de novo.
 
 See BellSouth Telecomms., Inc. v. Meeks,
 
 863 So.2d 287, 289 (Fla.2003). We conclude that section 222.21(2)(a) does not apply to inherited IRAs because the plain language of that section references only the original “fund or account” and the tax consequences of inherited IRAs render them completely separate funds or accounts.
 

 The applicable portion of section 222.21(2)(a) provides as follows:
 

 (2)(a) Except as provided in paragraph (d), any money or other assets payable to an owner, a participant, or a beneficiary from, or any interest of any owner, participant, or beneficiary in, a
 
 fund or account
 
 is exempt from all claims of creditors of the owner, beneficiary, or participant
 
 if the fund or account is:
 

 1. Maintained in accordance with a master plan, volume submitter plan, prototype plan, or any other plan or governing instrument that has been preap-proved by the Internal Revenue Service as exempt from taxation under s. 401(a), s. 403(a), s. 403(b), s. 408, s. 408A, s. 409, s. 414, s. 457(b), or s. 501(a) of the Internal Revenue Code of 1986, as amended, unless it has been subsequently determined that the plan or governing instrument is not exempt from taxation in a proceeding that has become final and nonappealable;
 

 2. Maintained in accordance with a plan or governing instrument that has been determined by the Internal Revenue Service to be exempt from taxation under s. 401(a), s. 403(a), s. 403(b), s. 408, s. 408A, s. 409, s. 414, s. 457(b), or s. 501(a) of the Internal Revenue Code of 1986, as amended, unless it has been subsequently determined that the plan or governing instrument is not exempt from taxation in a proceeding that has become final and nonappealable;
 

 (Emphasis added and footnotes omitted.) Thus, the plain language of section 222.21(2)(a) reflects the legislature’s intent to exempt a “fund or account” that is maintained as an IRA in accordance with a plan or governing instrument that is exempt from taxation under certain provisions of the Code. While section 222.21 (2)(a) provides for exemption from “all claims of creditors of the ... beneficiary,” it does not exempt the money or assets at issue unless they are maintained in one particular “fund or account.” Thus, the plain language of section 222.21(2)(a) does not exempt inherited IRAs, such as the one Robertson established in this case, which are separate funds or accounts that are created when the original fund or ac
 
 *939
 
 count passes to a beneficiary upon the death of the participant.
 

 Furthermore, the “fund or account” that is exempt from garnishment under section 222.21(2)(a) is identified by its tax exempt status. However, when IRAs are distributed upon the death of the owner and become inherited IRAs their tax exempt status changes dramatically. IRAs are generally exempt from income taxes until distributions are taken, and owners may roll over IRAs without incurring any tax penalties. I.R.C. § 408(d)(1), (d)(3), (e) (2007). Furthermore, IRA owners are not required to take distributions, and they incur a ten percent penalty for early withdrawal. I.R.C. §§ 72(q) (2008), 408(d)(1). While inherited IRAs are also exempt from income taxes until distributions are taken, beneficiaries of inherited IRAs are
 
 required
 
 to take distributions which are exempt from the early withdrawal penalty. I.R.C. §§ 72(q)(2)(B); 401(a)(9) (2008); 408(a)(6), (d)(1). Additionally, inherited IRAs are not entitled to rollover treatment.
 
 See
 
 I.R.C. § 408(d)(1), (d)(3)(C). Thus, the tax exempt status of inherited IRAs is inconsistent with that of original IRAs.
 

 This inconsistency has been recognized by a number of federal bankruptcy courts that have concluded that inherited IRAs are not exempt from creditors under similar statutory schemes.
 
 See In re Taylor,
 
 No. 05-93559, 2006 WL 1275400, at *2 (Bankr.C.D.Ill. May 9, 2006) (not reported in B.R.);
 
 In re Kirchen,
 
 344 B.R. 908, 914 (Bankr.E.D.Wis.2006);
 
 In re Greenfield,
 
 289 B.R. 146, 150 (Bankr.S.D.Cal.2003);
 
 In re Sims,
 
 241 B.R. 467, 470 (Bankr.N.D.Okla.1999). In
 
 Sims,
 
 for example, a beneficiary who had inherited an IRA filed for protection under Chapter 7 of the United States Bankruptcy Code in bankruptcy court. 241 B.R. at 468. The beneficiary claimed his inherited IRA was exempt, and the trustee and a creditor objected. The bankruptcy court interpreted an exemption provision in the Oklahoma statutes that exempted
 
 “any interest in a retirement plan or arrangement qualified for tax exemption purposes
 
 under present or future Acts of Congress ... only to the extent that contributions by or on behalf of a participant were not subject to federal income taxation to such participant at the time of such contributions.”
 
 Id.
 
 at n. 2.
 

 The bankruptcy court concluded that the beneficiary’s interest in the IRA did not qualify for exemption under that statute because the original IRA’s tax exempt character changed completely when it became classified as an inherited IRA.
 
 Id.
 
 at 470. The court explained that, unlike original IRAs, inherited IRAs are not vehicles to defer taxation on income in order to preserve money for retirement. Instead, inherited IRAs are liquid assets that the beneficiary may access at any time without penalty and that the beneficiary must take as income without regard to retirement needs.
 
 Id.
 
 The court concluded, “The purpose of the ... Legislature in exempting individual retirement accounts is to allow debtors to preserve assets which have been earmarked for retirement in the ordinary course of the debtor’s affairs. Such a purpose would not be served by upholding [the beneficiary’s] request to keep his interest in the IRA as exempt.”
 
 Id.
 
 at 471.
 

 We find this reasoning persuasive and equally applicable to section 222.21(2)(a). Because the plain language of section 222.21(2)(a) references only the original “fund or account” and the tax consequences of inherited IRAs like the one in this case render them a completely separate “fund or account,” such inherited IRAs are not exempt under that section. Accordingly, we affirm the order denying
 
 *940
 
 Robertson’s claim of exemption from garnishment in this case.
 

 Affirmed.
 

 DAVIS and WALLACE, JJ., Concur.
 

 [1]
 

 . Because Robertson chose to transfer his father's account into an inherited IRA, our opinion today deals solely with the applicability of section 222.2 l(2)(a) to this type of IRA account. Any reference we make in our opinion to an "inherited IRA” is meant to refer to the type of account created by Robertson in this case.