**In re Ann S. ARD aka Ann S. Szmansky, Debtor.**

**No. 8:09–bk–22280–KRM.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 18, 2010.

Richard V. Ellis, Hausburg & Ellis, PA, Sarasota, FL, for Debtor.

Shari Streit Jansen, Sarasota, FL, Trustee.

Camille Iurillo, Iurillo & Associates PA, St. Petersburg, FL, for Trustee.

### MEMORANDUM OPINION AND ORDER GRANTING TRUSTEE'S MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE

K. RODNEY MAY, Bankruptcy Judge.

The trustee opposes the debtor's claim to exempt an IRA that she inherited more than ten years ago. For the reasons stated below, the Court concludes that, after the inheritance, the account acquired a different status under the retirement provisions of the Internal Revenue Code. Therefore, the account does not come within the protection of the applicable Florida exemption statute. The trustee's objection will be sustained and the debtor must turn over the inherited IRA to the trustee.

### BACKGROUND

The facts are not in dispute. The debtor filed a voluntary Chapter 7 petition on September 30, 2009. On Schedule C, she claimed as exempt a Morgan Stanley Smith Barney account pursuant to Section 222.21(2), Florida Statutes (2010). This was not her retirement account, but was originally established by her father, who died some ten years ago. On Schedule B, the debtor disclosed the inherited IRA as her personal property.[1] At the section 341 meeting, the debtor confirmed the value of the IRA as exceeding $25,000.

---

1. The debtor elected to transfer her father's account into an inherited IRA account, accepting annual minimum distributions in the

range of 2% and discretionary payouts without penalty. The Debtor's inherited IRA account is entitled "Anne Ard, CGM IRA Benefi-

The Chapter 7 trustee filed an objection to the debtor's claim of exemptions (Document No. 22). On December 8, 2009, this Court entered an Order (Document No. 23) sustaining the trustee's objection to the extent that the value of the debtor's personal property exceeded the amount allowed under article X, § 4(a)(2) of the Florida Constitution and Sections 222.25(1) and (4), Florida Statutes.

The trustee then filed a motion for clarification (Document No. 25), specifically as to debtor's claim that the inherited IRA is exempt under Section § 222.21(2), Florida Statutes, with a motion for the turnover of the IRA (Document No. 28).[2]

## DISCUSSION

Section 222.21(2), Florida Statutes, provides for an exemption from creditors' claims of funds and accounts maintained "in accordance with a plan or governing instrument that has been determined ... to be exempt from taxation" under Section 408 and certain other provisions of the Internal Revenue Code.

Section 408 of the Internal Revenue Code governs the tax treatment of Individual Retirement Arrangements and Accounts. Upon the death of an IRA owner, the IRA may be distributed to a named beneficiary. 26 U.S.C. § 408(d)(3)(C)(ii); IRS Individual Retirement Accounts Rule, 26 C.F.R. § 1.408–2(b)(7). Under the Internal Revenue Code, an IRA inherited by a spouse is not considered an "inherited" IRA and continues to have the same treatment as the original account; but an IRA inherited by someone other than a spouse is defined as an "inherited" IRA. 26 U.S.C. § 408(d)(3)(C)(ii); U.S. Department of the Treasury, Internal Revenue Service Publication 590: Individual Retirement Arrangements, Cat. No. 15160X, *18–19 (January 7, 2010).

Under the special rules applicable to "inherited" IRA's, beneficiaries must take distributions in one of two ways: by withdrawing all of the funds within five years after the death of the original IRA holder or by taking annual distributions over the beneficiary's lifespan. 26 U.S.C. § 401(a)(9); 26 C.F.R. § 1.401(a)(9)–3; U.S. Department of the Treasury, Internal Revenue Service Publication 590: Individual Retirement Arrangements, Cat. No. 15160X, *35–36 (January 7, 2010). Unlike an original IRA, early withdrawals from an inherited IRA carry no penalty. IRS Publication 590 at 51, 64–65. Upon receipt, distributions to the beneficiary are taxable as ordinary income. 26 U.S.C. § 408(d)(1).

The debtor cites to one case, from Idaho, holding that funds from an inherited IRA retained their exempt status after being distributed from the original account and then reinvested by the beneficiary in an annuity. *In re McClelland*, 2008 WL 89901 (Bankr.D.Idaho 2008). That case turned on the language of the applicable Idaho statute, by which all retirement income to which a person "may become entitled" is exempt from seizure by creditors, including the *funds* from such a retirement account. The court determined that the decedent's IRA funds were income from a

---

ciary Custodian, Beneficiary of Will Ard." Internal Revenue regulations permit a "trustee to trustee" transfer of funds such as those in question here. The inherited IRA must be set up and maintained in the name of the deceased IRA owner for the benefit of the beneficiary. *See In re Chilton*, 426 B.R. 612 (Bankr.E.D.Tex.2010); 26 U.S.C. § 402(c)(11)(A); U.S. Department of the Trea-

sury, Internal Revenue Service Publication 590: Individual Retirement Arrangements, Cat. No. 15160X, *20, 24, 33 (January 7, 2010).

**2.** The trustee also requested that the debtor's discharge be denied in the event of non-compliance (Document No. 28).

retirement fund to which the debtor had become entitled and, thus, the funds retained their exempt status after being used to purchase the annuity. *Id.* at *4.

The trustee here argues that the issue is governed by the recent decision by Florida's Second District Court of Appeals in *Robertson v. Deeb,* 16 So.3d 936 (Fla. 2d DCA 2009), which held that Section 222.21(2)(a), Florida Statutes, does not exempt an "inherited" IRA from the claims of a garnishing creditor of the non-spouse beneficiary. The exemption of a "fund or account," under Section 222.21(2)(a) is determined by its tax exempt status. *Id.* at 939. The court reasoned that as an "inherited individual retirement account" under Section 408(d)(3) of the Internal Revenue Code, Robertson's interest in the IRA no longer qualified for the same exemptions from taxation enjoyed by the original IRA. *Id.* The court concluded that the tax consequences of an inherited IRA make it a different "fund or account" from the original, and therefore outside the scope of Section 222.21(2)(a), Florida Statutes.

Bankruptcy courts in other states, whose exemption statutes are based on the tax status of a retirement account under the Internal Revenue Code, have employed a similar analysis to reject similar exemption claims. In *In re Jarboe,* 365 B.R. 717 (Bankr.S.D.Tex.2007), the court sustained a trustee's objection to the claimed exemption of an IRA inherited from the debtor's mother. The court noted that under applicable Texas law, retirement savings plans must comply with the Internal Revenue Code restrictions to be deemed "qualified" for exemption from the bankruptcy estate. *Id.* at 722. The court focused on the federal tax consequences of an "inherited" IRA, *id.* at 722–24, and concluded that an "inherited" IRA was not a retirement plan, because the debtor-beneficiary could remove the money any time, without penalty,

and the beneficiary is required to do so within a short period of time without regard to age or retirement status. *Id.* at 725.

In *In re Navarre,* 332 B.R. 24, 30 (Bankr.M.D.Ala.2004), the court held that although a debtor's interest in his own IRA is exempt from the bankruptcy estate under Alabama law, an "inherited" IRA did not fit within the applicable Alabama exemption statute. Consideration was given to the nature of the IRA account, the effect of the death of the original owner on the account, and the character of the property in the hands of the beneficiary, as distinguished from the account's original tax status. *Id.* at 26, 31. The court discussed the use of IRA's in retirement planning, highlighting the importance of accumulating retirement funds on a tax-deferred basis *Id.* at 26. Upon the death of the account holder, the IRA funds are disbursed to the named beneficiaries, the distribution of which is then taxed according to special rules provided under the Internal Revenue Code. *Id.* (citing 26 U.S.C. § 408(d)(3)(C)(ii); 26 C.F.R. § 1.408–2(b)(7)). The court noted how the Internal Revenue Code does not allow for preferred tax-deferred treatment in the event that the beneficiary is someone other than a surviving spouse; nor does the Code provide the beneficiary with an option to roll over the proceeds into an IRA account of their own. *Id.* at 26–27.

In a 1999 case, a bankruptcy court in Oklahoma rejected a debtor's claimed exemption of an IRA account inherited from his father. *In re Sims,* 241 B.R. 467 (Bankr.N.D.Okla.1999). The court reasoned that the inherited IRA account was not exempt because it was not a qualified IRA: the beneficiary could withdraw funds from the inherited IRA without penalty; and the beneficiary was required to take distributions as income within a short peri-

od of time without regard for the beneficiary's retirement needs. *Id.* at 470.

The outcome of each of these cases turned on the particular language of each state's law applicable to the exemption of IRA's. These cases "exemplify the reluctance of bankruptcy courts to allow the exemptions of non-debtor funded IRA's." *In re Jarboe,* 365 B.R. 717, 721 (Bankr. S.D.Tex.2007) (internal citations omitted).

Likewise, in *In re Chilton,* 426 B.R. 612 (Bankr.E.D.Tex.2010), the bankruptcy court sustained the trustee's objection to the claim of the federal exemption for "retirement funds," under 11 U.S.C. § 522(d)(12), of an IRA the debtor had inherited from her mother. The debtor had established her own account as a vehicle for receiving the funds from her mother's IRA. *Id.* at 615. The court noted the differences between an IRA and an "inherited" IRA: the Internal Revenue Code (a) prohibits a beneficiary from making contributions to the an inherited IRA or rolling over the inherited funds into another retirement plan; (b) permits beneficiaries to make withdrawals from an inherited IRA at any time without penalty; and (c) requires withdrawal over the lifespan of the beneficiary or disbursement of the entire lump sum within five years without regard to age. *Id.* at 616–617. The court then examined the legislative history of Section 522(d)(12), and the stated limitation to "retirement funds" that are exempt from taxation under certain sections of the Internal Revenue Code. *Id.* at 618–619. Underscoring the fact that none of the funds or assets in the account in dispute was a result of contributions made by the debtor, the court concluded that the inherited IRA was not intended for the debtor's retirement but instead, were distributed to the debtor as the beneficiary of the account without regard to the debtor's age or retirement status. *Id.* at 615, 622. The distribution itself had transformed the nature of the mother's original IRA account, thus precluding her daughter from exempting it under Section 522(d)(12).

The bankruptcy cases cited above appropriately focus on the tax and retirement attributes of the "inherited" IRA. I adopt that approach. Further, I find compelling the Florida appellate decision in *Robertson v. Deeb.* The funds in the original IRA account did not retain the same tax-exempt status after being distributed to Ms. Ard. The tax consequences of this inherited IRA have nothing to do with her age or retirement status; she cannot contribute additional funds to the account. As a result, the inherited IRA does not qualify as an exempt account under Section 222.21(2) as claimed by the debtor. Therefore the debtor must turn over the same to the Chapter 7 trustee. It is therefore

ORDERED:

1. The Trustee's Motion for Turnover of Property of the Estate (Document No. 28) is GRANTED and the debtor shall turn over the inherited IRA as listed on Schedule B within thirty (30) days after entry of this order.

2. The court reserves ruling on the trustee's request to deny the debtor's discharge until after said thirty-day period to allow the debtor to comply with the turnover order.

DONE and ORDERED.