FILED

12/17/2025

Clerk of the
Appellate Courts

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs October 1, 2025

## KENNETH KELLY, ET AL. V. THOMAS A. STEWART

### Appeal from the Chancery Court for Montgomery County
### No. MC-CH-CV-CD-20-20     Ben Dean, Chancellor

_____

### No. M2024-01939-COA-R3-CV

_____

This appeal concerns the garnishment of an inherited Individual Retirement Account. Advanced Hearing Aid Group, LLC ("AHAG"), Gary Kelly, Kenneth Kelly, and Matthew Kelly ("Plaintiffs," collectively) filed an application for writ of garnishment in the Chancery Court for Montgomery County ("the Trial Court") against Thomas A. Stewart ("Defendant"). Plaintiffs sought to collect a judgment against Defendant stemming from a lawsuit over AHAG. Specifically, Plaintiffs sought to garnish an IRA that Defendant inherited from his mother ("the Inherited IRA"). Defendant is both a fiduciary and beneficiary of the Inherited IRA. Defendant filed a motion to quash, citing Tenn. Code Ann. § 26-2-105(b) and its exemption of certain retirement plans from garnishment. The Trial Court held that, while the Inherited IRA was exempt from garnishment initially, it lost its exempt status because Defendant made prohibited transactions from the Inherited IRA to a disqualified party, a revocable trust of which Defendant is a 50% or more beneficiary ("the Revocable Trust"). Defendant appeals, arguing that he essentially transferred the funds to himself, which all sides agree is permitted. We hold, *inter alia*, that Tenn. Code Ann. § 26-2-105(b) never applied to the Inherited IRA in the first place. We hold further that, even if the Inherited IRA had once been exempt, it stopped being exempt after Defendant's prohibited transactions. We affirm as modified. Pursuant to AHAG's operating agreement, AHAG is entitled to an award of reasonable attorney's fees on appeal, the amount of which the Trial Court is to determine on remand.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed as Modified; Case Remanded

D. MICHAEL SWINEY, C.J., delivered the opinion of the court, in which W. NEAL MCBRAYER and VALERIE L. SMITH, JJ., joined.

Taylor R. Dahl and Joseph K. Robinson, Clarksville, Tennessee, for the appellant, Thomas A. Stewart.

Robert A. Peal, D. Gil Schuette, Evan S. Rothey, and Daniel H. Puryear, Nashville, Tennessee, for the appellees, Advanced Hearing Aid Group, LLC, Gary Kelly, Kenneth Kelly, and Matthew Kelly.


**OPINION**

**Background**

This matter has been before us twice before, in *Kelly v. Stewart* ("*Kelly* I"), No. M2024-00296-COA-R3-CV, 2025 WL 1156914 (Tenn. Ct. App. Apr. 21, 2025), and in *Kelly v. Stewart* ("*Kelly* II"), No. M2024-00746-COA-R3-CV, 2025 WL 658810 (Tenn. Ct. App. Feb. 27, 2025). Plaintiffs alleged that Defendant engaged in malfeasance concerning AHAG, the family's business. *Kelly* 1, 2025 WL 1156914, at *1. Plaintiffs prevailed at the trial level. *Id*. at *2-3. On appeal, we affirmed the trial court on the merits but vacated and remanded with respect to damages and attorney's fees. *Id*. at *1. Meanwhile, Plaintiffs moved to collect their judgment.

In October 2024, Plaintiffs filed an application for writ of garnishment against Defendant in the Trial Court. Specifically, Plaintiffs sought to garnish the Inherited IRA, which Defendant inherited from his mother. Defendant was both fiduciary and beneficiary of the Inherited IRA. In response to Plaintiffs' application, Defendant filed a motion to quash garnishment pursuant to Tenn. Code Ann. § 26-2-408 and Tenn. Code Ann. § 26-2-407. In his motion, Defendant asserted that garnishment was improper because the Inherited IRA was exempt from creditors' claims under Tenn. Code Ann. § 26-2-105(b), which provides as follows:

> (b) Except as provided in subsection (c), any funds or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan which is qualified under §§ 401(a), 403(a), 403(b), 408 and 408A, or an Archer medical savings account qualified under § 220 or a health savings account qualified under § 223 of the Internal Revenue Code of 1986, as amended, are exempt from any and all claims of creditors of the participant or beneficiary, except the state. All records of the debtor concerning such plan and of the plan concerning the debtor's participation in the plan, or interest in the plan, are exempt from the subpoena process.

Tenn. Code Ann. § 26-2-105(b) (West eff. July 1, 2016). Defendant also cited 26 U.S.C. § 408 and its definition of "individual retirement account" as a trust created for the

exclusive benefit of an individual or his beneficiaries. Continuing his argument, Defendant cited *Boren v. Hill Boren PC*, No. W2021-01024-COA-R3-CV, 2023 WL 5120847 (Tenn. Ct. App. Aug. 10, 2023), *perm. app. denied March 6, 2024*, which stated that "Tennessee Code Annotated section 26-2-105 ('section 105') protects retirement plans that are qualified under §§ 401(a), 403(a), 403(b), 408 and 408A of the Internal Revenue Code from claims of creditors other than the state." *Id*. at *7. The *Boren* Court explained that "[w]hen construing statutes that provide exemptions from garnishment, we must construe them 'liberally . . . in favor of the debtor.'" *Id*. at *8 (quoting *Massey v. Casals*, No. W2010-00284-COA-R3-JV, 2011 WL 1734066, at *7 (Tenn. Ct. App. May 3, 2011), *no appl. perm. appeal filed*). The *Boren* Court concluded, as relevant:

> The protection provided by section 105 is clear. Funds or assets that are payable to a participant or beneficiary from a retirement plan that is qualified under the enumerated sections of the Internal Revenue Code—and "any interest" thereon—are exempt from all claims of creditors except the State of Tennessee and "claims of an alternate payee under a qualified domestic relations order[.]" Additionally, the debtor's records concerning the plan and the plan's records concerning the debtor's participation in the plan are exempt from the subpoena process. Because Mr. Hill's IRA undisputedly falls within section 408 of the Internal Revenue Code, it is exempt from the subpoena process, garnishment, and execution by judgment creditors, *i.e.* Appellees, under the plain language of section 105(b).

*Boren*, 2023 WL 5120847, at *9. Thus, weaving together Tenn. Code Ann. § 26-2-105(b), 26 U.S.C. § 408, and *Boren*, Defendant argued that the Inherited IRA was exempt from garnishment.

Plaintiffs filed a response in opposition. Plaintiffs argued that the Inherited IRA was not exempt from garnishment precisely because it was inherited and thereby distinct from an IRA in the hands of its original owner. Plaintiffs cited the United States Supreme Court in *Clark v. Rameker*, 573 U.S. 122, 134 S. Ct. 2242, 189 L.Ed.2d 157 (2014), which resolved a federal circuit court split regarding whether funds in an inherited IRA fall under the Bankruptcy Code's exemption statute at 11 U.S.C. § 522(b)(3)(C), which exempts "retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under section 401, 403, 408, 408A, 414, 457, or 501(a) of the Internal Revenue Code of 1986." The U.S. Supreme Court in *Clark* distinguished inherited IRAs from traditional IRAs or Roth IRAs, noting that holders of an inherited IRA may not invest additional money in their account. *Clark*, 573 U.S., at 128. Second, holders of inherited IRAs must withdraw money from those accounts no matter how many years away they are from retirement. *Id*. Third, holders of inherited IRAs may withdraw the whole balance at any time and for any purpose without penalty. *Id*. In other words, inherited IRA funds are

not funds objectively aside for retirement, but rather funds that can be spent freely for current consumption.  *Clark*, 573 U.S., at 128-29.  The U.S. Supreme Court in *Clark* concluded, as pertinent:

> Allowing debtors to protect funds held in traditional and Roth IRAs comports with this purpose [of protecting debtors' essential needs] by helping to ensure that debtors will be able to meet their basic needs during their retirement years.  At the same time, the legal limitations on traditional and Roth IRAs ensure that debtors who hold such accounts (but who have not yet reached retirement age) do not enjoy a cash windfall by virtue of the exemption—such debtors are instead required to wait until age 59 ½ before they may withdraw the funds penalty-free.

> The same cannot be said of an inherited IRA.  For if an individual is allowed to exempt an inherited IRA from her bankruptcy estate, nothing about the inherited IRA's legal characteristics would prevent (or even discourage) the individual from using the entire balance of the account on a vacation home or sports car immediately after her bankruptcy proceedings are complete.  Allowing that kind of exemption would convert the Bankruptcy Code's purposes of preserving debtors' ability to meet their basic needs and ensuring that they have a "fresh start," *Rousey* [*v. Jacoway*], 544 U.S. [320], at 325, 125 S. Ct. 1561[, 161 L.Ed.2d 563 (2005)], into a "free pass," *Schwab* [*v. Reilly*], 560 U.S. [770], at 791, 130 S. Ct. 2652[, 177 L.Ed.2d 234 (2010)].  We decline to read the retirement funds provision in that manner.

*Clark*, 573 U.S., at 129-30.

Plaintiffs also cited *Boren* for the proposition that Tenn. Code Ann. § 26-2-105 is co-extensive with bankruptcy exemption.  *See Boren*, 2023 WL 5120847, at *11 ("Section 105 protects qualified funds to the same extent as federal law.").  Continuing their argument, Plaintiffs contended that, even if the Inherited IRA had once been a qualified retirement plan under Tenn. Code Ann. § 26-2-105, it lost its qualified status because Defendant engaged in prohibited transactions.  Under 26 U.S.C. § 4975(c)(1), "prohibited transactions" include:

> **(c) Prohibited transaction.--**
> **(1) General rule.**--For purposes of this section, the term "prohibited transaction" means any direct or indirect--
> **(A)** sale or exchange, or leasing, of any property between a plan and a disqualified person;

**(B)** lending of money or other extension of credit between a plan and a disqualified person;
**(C)** furnishing of goods, services, or facilities between a plan and a disqualified person;
**(D)** transfer to, or use by or for the benefit of, a disqualified person of the income or assets of a plan;
**(E)** act by a disqualified person who is a fiduciary whereby he deals with the income or assets of a plan in his own interest or for his own account; or
**(F)** receipt of any consideration for his own personal account by any disqualified person who is a fiduciary from any party dealing with the plan in connection with a transaction involving the income or assets of the plan.

26 U.S.C. § 4975(c)(1). Under 26 U.S.C. § 4975(e)(2)(A) and (G), "disqualified persons" include fiduciaries and trusts of which 50% or more of the beneficial interest is owned by a fiduciary. Plaintiffs point to certain transactions Defendant made whereby he transferred Inherited IRA funds to the Revocable Trust, of which Defendant was the owner of a 50% or more beneficial interest. Thus, Plaintiffs argued that Defendant, a fiduciary of the Inherited IRA, made prohibited transactions to the Revocable Trust, a "disqualified person," resulting in the Inherited IRA becoming subject to garnishment.

In November 2024, following a hearing, the Trial Court entered an order denying Defendant's motion to quash garnishment. The Trial Court ruled first that the Inherited IRA was exempt from garnishment under Tenn. Code Ann. § 26-2-105(b). The Trial Court reasoned:

> Plaintiffs argued that Tenn. Code Ann. § 26-2-105(b) does not exempt the IRA from garnishment because it is an inherited IRA. Specifically, Plaintiffs argue that inherited IRAs fall within the exclusion from exemption for the reasons articulated in *Massey v. Casals*, 2011 WL 1734066 (Tenn. Ct. App. 2011), inasmuch as—unlike IRAs in the hands of the original owner—the funds are not savings for the Debtor's retirement, and, as such, they can be accessed prior to reaching any particular age without paying any early withdrawal penalty. In further support of their position, Plaintiffs cited *Clark v. Rameker*, 573 U.S. 122 (2014), which found that inherited IRAs are not exempt under the Bankruptcy Code's exemption scheme, based on the same reasoning as articulated in *Massey*, i.e., that the funds are not "retirement funds." Plaintiffs cite *Boren v. Hill Boren P.C.*, 2023 WL 5120847 (Tenn. Ct. App. 2023), as evidence that the Tennessee legislature intended to tie Tennessee's exemptions for retirement plans to those exemptions provided under federal law, which are found in the Bankruptcy Code. Plaintiffs further cite authority from other jurisdictions that, like Tennessee, have tied their

-5-

state law exemptions to federal exemption law and have exemption statutes with language like Tennessee's, for the proposition that the Supreme Court's ruling in *Clark* is controlling on this issue, including *In re Mosby*, 2015 WL 6610988 (D. Kan. 2015) and *Bartch v. Barch*, 720 F. Supp.3d 400 (D. Md. 2024).

> However, based on the plain language in Tenn. Code Ann. § 26-2-105(b)—specifically, the word "beneficiary" in addition to "participant"—the Court finds that the inherited IRA at issue in this garnishment action is exempt under Tenn. Code Ann. § 26-2-105(b) because the Court finds that Defendant is a "beneficiary" of that account.

Although the Trial Court ruled that the Inherited IRA had been exempt from garnishment, it followed up by ruling that the Inherited IRA lost its exempt status because of Defendant's prohibited transactions. The Trial Court stated:

> Plaintiffs submitted evidence (Exhibit 1) demonstrating that Defendant was a fiduciary of the inherited IRA because he had discretion concerning the disposition of assets from the IRA. Plaintiffs further submitted evidence that Defendant exercised that discretion by causing the IRA to make transfers of money from the IRA to a revocable trust in which Defendant held a 50% or greater beneficial interest. (Exhibit 1 and 2). Because the Court finds that the revocable trust is therefore a "disqualified person" under 26 U.S.C. § 4975, the Court finds that the transfers to the Revocable Trust were "prohibited transactions," and, as such, the inherited IRA is no longer an IRA protected from creditor garnishment, because these transfers were "**transfers to**, or use by or for the benefit of, a **disqualified person** [i.e., the Revocable Trust of which Defendant—a fiduciary of the 1RA—was owner of a 50% or more beneficial interest] of the income or assets of a plan." 26 U.S.C. § 4975(c)(1) (emphasis added). Because the IRA lost any "qualified" status it ever had, it has therefore lost any right to exemption under Tenn. Code Ann. § 26-2-105. Thus, the Court finds that the inherited IRA (Acct. # XXXX-6785) is not a "qualified" account under 26 U.S.C. § 408 and has ceased to be an individual retirement account.

(Footnote omitted). The Trial Court certified its order as final pursuant to Tennessee Rule of Civil Procedure 54.02. Defendant filed a motion to alter or amend, which was denied. Defendant timely appealed to this Court.

**Discussion**

Although not stated exactly as such, Defendant raises a single issue on appeal: whether the Trial Court erred in holding that Defendant engaged in prohibited transactions. Plaintiffs raise separate issues, which we restate as follows: 1) whether Defendant waived his issue by not raising it below; 2) whether the Inherited IRA was ever exempt under Tenn. Code Ann. § 26-2-105(b) in the first place; and 3) whether Plaintiffs are entitled to attorney's fees incurred on appeal.

Our review is *de novo* upon the record, accompanied by a presumption of correctness of the findings of fact of the trial court, unless the preponderance of the evidence is otherwise. Tennessee Rule of Appellate Procedure 13(d); *Bogan v. Bogan*, 60 S.W.3d 721, 727 (Tenn. 2001). A trial court's conclusions of law are subject to a *de novo* review with no presumption of correctness. *S. Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001). The construction of statutes, and the application of statutes to the facts of a case, present questions of law which we review *de novo*. *Boren*, 2023 WL 5120847, at *3.

We first address whether Defendant waived his issue by not raising it below. On appeal, Defendant has identified a specific subsection, 26 U.S.C. § 4975(d)(9), which, according to him, supports that he did not engage in prohibited transactions. Defendant did not cite this subsection in the Trial Court. 26 U.S.C. § 4975(d)(9) provides, as relevant, that "the prohibitions provided in subsection (c) shall not apply to . . . receipt by a disqualified person of any benefit to which he may be entitled as a participant or beneficiary in the plan . . . ." In his brief, Defendant argues that "an otherwise disqualified person may receive a distribution if the person is entitled to such a distribution in that person's capacity as a beneficiary of the plan." Defendant asserts that such is the case here as he wears "two hats" as beneficiary and fiduciary. In essence, Defendant argues that he transferred money to himself, which all sides agree he is permitted to do.

Plaintiffs contend that Defendant waived this issue because he never relied on 26 U.S.C. § 4975(d)(9) in the Trial Court. If a party raises an issue for the first time on appeal, we ordinarily decline to consider that issue. *See Heatherly v. Merrimack Mut. Fire Ins. Co.*, 43 S.W.3d 911, 916 (Tenn. Ct. App. 2000) ("As a general matter, appellate courts will decline to consider issues raised for the first time on appeal that were not raised and considered in the trial court."). In response, Defendant cites a transcript of the hearing, where his trial attorney stated among other things: "If you look at that, Thomas Andrew Stewart, individually, his social security number is listed there. The Thomas A. Stewart Revocable Trust Living Trust operates under his social security number. It's not a separate entity that particular trust. It doesn't have its own [E]IN." Counsel stated further that "we would submit any withdrawal that he's taken from the IRA is a qualified withdrawal

pursuant to the tax codes so he doesn't incur the penalties. . . ." Defendant also cites the Tennessee Supreme Court's statement that "[i]n deciding whether a party has waived an issue on appeal, we do not exalt form over substance but instead review the record carefully to determine whether a party is raising an issue for the first time on appeal." *State v. Harbison*, 539 S.W.3d 149, 165 (Tenn. 2018).

Defendant never specifically invoked U.S.C. § 4975(d)(9) in the Trial Court. Nevertheless, Defendant's argument both in the Trial Court and on appeal appears to be that he essentially transferred money to himself and therefore did not engage in prohibited transactions. This being the case, we do not find that Plaintiffs have been ambushed by a brand-new argument. We place substance over form when it comes to deciding whether a party has raised an issue for the first time on appeal. What is more, we prefer to resolve appeals on their merits. Defendant's failure in the Trial Court to identify the specific subsection he now cites on appeal is unfortunate, but it was not so glaring an oversight as to warrant finding he waived his only issue on appeal. Placing substance over form, we decline to find that Defendant waived his issue concerning the exception found at 26 U.S.C. § 4975(d)(9).

We next address whether the Inherited IRA was ever exempt under Tenn. Code Ann. § 26-2-105(b) in the first place. Plaintiffs argue that inherited IRAs do not enjoy the same exemption from garnishment provided by Tenn. Code Ann. § 26-2-105(b) as traditional IRAs do. The Trial Court disagreed with Plaintiffs on this score, holding that the Inherited IRA was at least initially exempt from garnishment.

In support of their argument that the Inherited IRA is of a different character from traditional IRAs, Plaintiffs rely heavily on the United States Supreme Court case of *Clark v. Rameker* and its conclusion that funds held in an inherited IRA constitute a 'pot of money' as opposed to funds set aside for retirement. *Clark*, 573 U.S., at 128-29. Plaintiffs also cite this Court in *Massey*, 2011 WL 1734066, at *9, in which we stated: "We believe the legislature also intended to limit the exemption to retirement plans that cannot, at the option of the debtor and without an involuntary penalty, such as a federally mandated tax penalty, be accessed by the debtor before 58-years of age, as a lump sum, or accelerated such that payments may be received over a period of 60 months or fewer." *Massey*, 2011 WL 1734066, at *9. According to Plaintiffs, the Inherited IRA does not match the characteristics of the sort of account exempted from garnishment by Tenn. Code Ann. § 26-2-105(b).[1]

---

[1] Plaintiffs acknowledge a scenario in which a spouse inheriting an IRA may treat it as her own or roll over inherited distributions into her own IRA. *See* 26 C.F.R. § 1.408-8(c)–(d). This scenario is not before us.

In response, Defendant poses several distinct arguments, to wit: that an IRA does not lose its status as a qualified retirement plan under section 408(a) of the Internal Revenue Code simply because it is inherited; that an amendment to Tenn. Code Ann. § 26-2-111, a statute providing additional exemptions to garnishment, clarified that Tenn. Code Ann. § 26-2-105(b) is not co-extensive with its bankruptcy code counterpart;[2] that the Inherited IRA retained its 'qualified' character; and that the Tennessee General Assembly intended Tenn. Code Ann. § 26-2-105(b) to provide a broad exemption from garnishment and thereby reward those who save for retirement. We have found no Tennessee case directly on point addressing whether an inherited IRA is exempt from garnishment. However, the question has been addressed in various jurisdictions around the country, corresponding to the different states' analogues to Tennessee's Tenn. Code Ann. § 26-2-105(b) and their courts' differing judicial interpretations.

In one case cited by Defendant, the Supreme Court of Rhode Island held in a 3-2 decision that R.I. Gen. Laws § 9-26-4(11), Rhode Island's analogue to Tenn. Code Ann. § 26-2-105(b), permitted a debtor to claim an exemption for an inherited IRA. *In re Kapsinow*, 220 A.3d 1231, 1237 (R.I. 2019). The *Kapsinow* court found that the *Clark v. Rameker* opinion by the U.S. Supreme Court was instructive but not controlling, as the court was interpreting a Rhode Island-specific statute. *Id*. at 1236.[3] The Rhode Island court stated: "[W]hile *Clark* is certainly instructive, it is not controlling on this Court. The Court in *Clark* was construing the language of a federal statute, specifically the meaning of the term 'retirement funds,' while the question before us involves completely different language contained in a Rhode Island state statute. Indeed, § 9-26-4(11) never uses the term 'retirement funds.'" *Id*. Defendant also cites a bankruptcy court case, *In re Andolino*, 525 B.R. 588, 593 (Bankr. D. N.J. 2015), for the proposition that an IRA does not lose its "qualified trust" status upon transfer to a designated beneficiary. The bankruptcy court stated: "[W]hile informative, the distinctive factors discussed in *Clark* are not determinative of whether a traditional IRA loses its status as a qualifying trust when that

---

[2] The amended statute provides:

> (iii) No part of this section removes the subpoena prohibition found in § 26-2-105(b) for plans qualified under §§ 401(a), 403(a), 403(b), 408, 408A, or 409 of the Internal Revenue Code (26 U.S.C. §§ 401(a), 403(a), 403(b), 408, 408A, or 409). No part of this section makes plan payments or assets of plans qualified under §§ 401(a), 403(a), 403(b), 408, 408A, or 409 of the Internal Revenue Code (26 U.S.C. §§ 401(a), 403(a), 403(b), 408, 408A, or 409) available to creditors unless otherwise available pursuant to the exemption exceptions found in § 26-2-105[.]

Tenn. Code Ann. § 26-2-111(1)(D)(iii) (West eff. May 1, 2024).

[3] We note that the Iowa Court of Appeals referenced *Kapsinow* in holding that an inherited IRA is not exempt from execution of judgment. *See Muff Corp. v. Paige*, 988 N.W.2d 450, 458 n.7 (Iowa Ct. App. 2022).

IRA is inherited. Rather, when an IRA is inherited it merely becomes subject to a new set of rules governing the tax treatment and disposition of the underlying funds, as opposed to losing its trust designation completely." *Id*.

For their part, Plaintiffs cite, among other cases, *Bartch v. Barch*, 720 F.Supp.3d 400 (D. Md. 2024), in which a federal court interpreted Maryland law. In *Bartch*, the federal district court stated, as pertinent:

> Under Maryland law, "any money or other assets payable to a participant or beneficiary from, or any interest of any participant or beneficiary in, a retirement plan qualified under . . . § 408 . . . shall be exempt from any and all claims of the creditors of the beneficiary or participant." CJP § 11-504(h)(1).
>
> ***
>
> In *Clark*, the Court held that the term "retirement funds" could not apply to an inherited IRA because an inherited IRA is fundamentally different from other retirement accounts in that it is not actually a tool to finance the retirement of the beneficiary who inherits it. 573 U.S. at 127-28, 134 S. Ct. 2242. Considering that the beneficiary of an inherited IRA is *required* to withdraw money from those accounts regardless of how close they are to retirement, is unable to contribute to the inherited IRA, and is able to withdraw the full balance of the inherited IRA at any time without any penalty, the Court found that "funds held in such accounts are not objectively set aside for the purpose of retirement" and therefore did not qualify as "retirement funds" for the purpose of the Bankruptcy Code exemption. *Id*. at 128, 134 S. Ct. 2242.
>
> This analysis applies with equal vigor here. It is clear from the legislative history of CJP § 11-504(h) that it was intended to protect *retirement* plans that are actually used to fund individuals' retirement. *See* ECF 94-3 (providing statement in favor of original passage of CJP § 11-504(h) stating that "[t]he purpose of this bill, is to protect all retirement plans so that the citizens of Maryland will not need state welfare to support themselves when they can no longer work"). As the Supreme Court explained, an inherited IRA, by its very nature, is no longer a retirement account. *Clark*, 573 U.S. at 127-28, 134 S. Ct. 2242. Though this Court is aware of no precedent from Maryland courts weighing in on this issue, the legislative history of the exemption combined with the reasoning of the Supreme Court in *Clark* make clear that Debtor's inherited IRA account is

not the type of "retirement account" that CJP § 11-504(h) was intended to protect.

*Bartch*, 720 F.Supp.3d at 402-04. In another case cited by Plaintiffs, the Bankruptcy Court for the Northern District of New York stated:

> If the New York legislature intended to exempt inherited IRAs it could have, like other state legislatures, specifically provided for inherited IRAs in the statute.[4] This Court's holding is in line with the reasoning of other courts which have found inherited IRAs to not be exempt pursuant to other statutes. *See Clark v. Rameker*, —— U.S. ——, 134 S. Ct. 2242, 2247, 189 L.Ed.2d 157 (2014) (concluding "that funds held in such accounts are not objectively set aside for the purpose of retirement"); [*In re Marriage of*] *Branit*, 397 Ill. Dec. 107, 41 N.E.3d [518] at 524 [(Ill. App. Ct. 2015)]("Simply put, an IRA has literally nothing to do with retirement once it achieves the status of an inherited IRA . . . ."); [*In re*] *Klipsch*, 435 B.R. [586] at 589 [(Bankr. S.D. Ind. 2010)] ("The public policy considerations which support protecting debtor's retirement savings do not exten[d] to inheritances."); *In re Everett*, 520 B.R. 498 (E.D. La. 2014) ("Because the inherited IRA is a liquid asset rather than a retirement fund, the Court finds the purpose of protecting [the Debtor] from being reduced by financial misfortune to absolute want is not served by allowing [the Debtor] to claim the inherited IRA as exempt."); *In re Navarre*, 332 B.R. 24, 30 (Bankr. M.D. Ala. 2004) ("To put the matter plainly, an inherited IRA is not the same as an IRA, and for this reason it is not exempt."). For all of these reasons, the Court concludes that the Debtor's inherited IRA is not qualified, within the meaning of § 5205(c)(2), as an IRA under § 408.

*In re Todd*, 585 B.R. 297, 305 (Bankr. N.D. N.Y. 2018) (footnote in original but renumbered).

While different jurisdictions have adopted different approaches to the question of whether inherited IRAs are exempt from creditors' claims, the most instructive case is that of the U.S. Supreme Court in *Clark v. Rameker*. Defendant is correct in that the scenario of *Clark* is not the scenario of the appeal at bar. However, *Clark*'s instructiveness lies in its analysis of the distinctions between inherited IRAs and traditional IRAs. The Trial Court noted that Tenn. Code Ann. § 26-2-105(b) refers to "beneficiar[ies]" and

---

[4] The Court is aware of the following state statutes which specifically exempt inherited IRAs: Alaska Stat. § 09.39.017(a); Ariz. Rev. Stat. Ann. § 33–1126(B); Fla. Stat. § 222.21(c); Mo. Stat. Ann. § 513.430.1(10)(f); N.C. Gen. Stat. § 1C–1601(a)(9); Ohio Rev. Code. Ann. § 2329.66(A)(10)(e); Tex. Prop. Code. Ann. § 42.0021(a).

"participant[s]," and that Defendant is a beneficiary of the Inherited IRA. All the same, Defendant has since inherited his mother's IRA, and to him, the account holds funds that are just a 'pot of money,' to borrow from *Clark*'s terminology. *See Clark*, 573 U.S., at 128. For the exemption provided by Tenn. Code Ann. § 26-2-105(b) to apply, the account must be a "retirement plan" within the meaning of certain provisions of the Internal Revenue Code. The distinctions between inherited IRAs and traditional IRAs outlined in *Clark* bear on the facts before us, in that the beneficiary of an inherited IRA may not contribute money to the account toward her retirement; the beneficiary is required to withdraw money irrespective of age or status; and the entire balance may be withdrawn at any point without penalty. *See Clark*, 573 U.S., at 128-29. The Inherited IRA is not a retirement plan; it is akin to a pot of money. The amendment to Tenn. Code Ann. § 26-2-111 cited by Defendant has no bearing on that fact. The Tennessee General Assembly could, if it wished, specifically exempt inherited IRAs from garnishment. To date, it has chosen not to. This policy choice is the Tennessee General Assembly's decision to make, and it has done so. As it stands, Tenn. Code Ann. § 26-2-105(b) exempts certain retirement plans from garnishment; the Inherited IRA is not such a plan. Consequently, although we affirm the Trial Court's denial of Defendant's motion to quash garnishment, we modify the Trial Court's judgment to vacate its holding that the Inherited IRA was exempt under Tenn. Code Ann. § 26-2-105(b) in the first place.

Although the previous issue is dispositive, in the interest of completeness, we next address whether the Trial Court erred in holding that Defendant engaged in prohibited transactions. Plaintiffs argue and the Trial Court held that whatever exemption from garnishment the Inherited IRA had before, it lost that exemption because Defendant made prohibited transactions out of the Inherited IRA into the Revocable Trust, a "disqualified person" as Defendant, a fiduciary of the Inherited IRA, was the owner of a 50% or more beneficial interest in the Revocable Trust pursuant to 26 U.S.C. § 4975(c)(1).

In response, Defendant asserts that the exception found at 26 U.S.C. § 4975(d)(9) applies in his favor. To recap, 26 U.S.C. § 4975(d)(9) provides as relevant that "the prohibitions provided in subsection (c) shall not apply to . . . receipt by a disqualified person of any benefit to which he may be entitled as a participant or beneficiary in the plan. . . ." Defendant's argument, in effect, is that he merely transferred funds to himself, which no one disputes he could have done. Defendant cites tax law to the effect that "'the [Internal Revenue] Code 'looks through' the trust form and deems such grantor or other person to be the owner of the trust property. . . .'" *Fairbank v. Comm'r of Internal Revenue*, T.C.M. (RIA) 2023-019 (T.C. 2023) (quoting *Estate of O'Connor v. Commissioner*, 69 T.C. 165, 174 (1977)).

Plaintiffs contend that the Revocable Trust is a separate entity from Defendant, the individual. Plaintiffs point out that the Revocable Trust is not a beneficiary of the Inherited

IRA. They argue that the mere fact Defendant ultimately benefits from the funds in the Revocable Trust does not mean that it and he are functionally the same. For illustrative purposes, Plaintiffs cite 26 C.F.R. § 1.408-8(c), in which a surviving spouse may elect to treat an inherited IRA as her own should she be the sole beneficiary of the IRA, as an example that the distinction between individuals and trusts matters in the context of identifying the rights of beneficiaries: "In order to make the election described in this paragraph (c)(1), the surviving spouse must be the sole beneficiary of the IRA and have an unlimited right to withdraw amounts from the IRA. If a trust is named as beneficiary of the IRA, this requirement is not satisfied even if the surviving spouse is the sole beneficiary of the trust." 26 C.F.R. § 1.408-8(c)(1)(ii). Plaintiffs also cite the proposition that "IRA owners run afoul of § 4975 when they attempt to circumvent taxes or otherwise engage in some form of self-dealing, whether through a direct or indirect transfer." *In re Moore*, 640 B.R. 397, 406 (Bankr. S.D. Ohio 2022).

While Defendant argues strenuously that he and the Revocable Trust are effectively one and the same, we do not agree. Defendant is an individual and the beneficiary of the Inherited IRA, whereas the Revocable Trust is a separate entity not named as beneficiary. Defendant, as fiduciary, moved funds out of the Inherited IRA into the Revocable Trust, in which he held a 50% or greater beneficial interest. The Revocable Trust was thus a "disqualified person" per 26 U.S.C. § 4975. As a result of these prohibited transactions, the Inherited IRA lost whatever status it previously had as a qualified retirement plan, and it no longer is exempt from garnishment under Tenn. Code Ann. § 26-2-105(b). We affirm the Trial Court on this issue.

The final issue we address is whether Plaintiffs are entitled to attorney's fees incurred on appeal. Plaintiffs ask for attorney's fees based on AHAG's operating agreement. In *Kelly* 1, this Court stated:

> The operating agreement provides: "If a Member engages in a prohibited transaction, such Member shall indemnify the Company for any costs or damages incurred by the Company as a result of the unauthorized action of such member." Prohibited transactions are defined in the operating agreement to include the performance of "any act that violates the Operating Agreement, except with the prior expressed approval of all Members." We conclude that this provision entitles the LLC to indemnification for its appellate attorney fees related to the breach of contract claims.

*Kelly* I, 2025 WL 1156914, at *9. We stated that, "[o]n remand, the trial court shall determine the appropriate amount of appellate attorney fees to award to the LLC." *Id*. In opposition to the same result obtaining this time, Defendant's only argument is that he

-13-

should prevail. However, Plaintiffs prevail. Pursuant to the terms of the operating agreement, AHAG is entitled to an award of reasonable attorney's fees on appeal, the amount of which the Trial Court is to determine on remand.

Plaintiffs also argue that they should be awarded attorney's fees pursuant to Tenn. Code Ann. § 27-1-122 because Defendant's appeal is frivolous. Defendant has made his argument on appeal in a cogent way backed by appropriate citations to relevant law. While unsuccessful, Defendant's appeal is not frivolous.

## **Conclusion**

The judgment of the Trial Court is affirmed as modified, and this cause is remanded to the Trial Court for collection of the costs below and further proceedings consistent with this Opinion. The costs on appeal are assessed against the Appellant, Thomas A. Stewart, and his surety, if any.

_____
D. MICHAEL SWINEY, CHIEF JUDGE